**A & S ELECTRICAL CONTRACTORS, INC., Appellant,**

v.

**Sally Price FISCHER, et al, Appellees.**

**No. 1442.**

Court of Appeals of Texas, Tyler.

Sept. 10, 1981.

Kenneth R. Barron, Tyler, for appellant.

Frank O. McClendon, III, Hathaway & McClendon, Tyler, for appellees.

MOORE, Justice.

This is an appeal from an order granting a summary judgment. Plaintiff-Appellant brought suit for labor done and materials furnished against eight defendants. The trial court granted a summary judgment in favor of five of the defendants, the other three defendants having been dismissed at plaintiff-appellant's request. The sole point of error brought by appellant is that the trial court erred in granting a summary judgment in favor of the five remaining defendants because there are numerous material issues of fact.

The summary judgment proof shows that appellees Sally Price Fischer, James J. Fischer, Addie Bracken Price, John Paul Price and Baker Lucas, a partnership, were owners of a building in Tyler, Smith County, Texas. In May 1977, appellees, owners of the building, leased the building to a Texas corporation by the name of Burgundy Woods of Tyler, Inc. (Burgundy Woods) via its President Andres H. Lagueruela. The building needed some repairs before it could be put to its desired use, so Lagueruela solicited renovation and conversion work for the building. Appellant, A & S Electrical Contractors, Inc., pursuant to an oral contract, furnished labor and materials for Burgundy Woods. Soon thereafter Burgundy Woods defaulted on its debts and appellant brought suit to collect over $10,000.

Appellant joined appellees as defendants, claiming that appellees, the owners of the building, were more closely connected to the renovation and conversion of the building than would exist with a landlord-tenant relationship. Appellant alleges that the relationship is more a principal-agent relationship and therefore appellees are liable for the debts of Burgundy Woods.

In the alternative, appellant claims that appellees as landowners are liable on the basis of *quantum meruit* and that none of the summary judgment proof disposes of this issue.

Appellees, in support of their motion for summary judgment, attached a copy of the lease agreement with Burgundy Woods and affidavits by John Paul Price and Baker Lucas, stating unequivocally that no relation other than that of landlord-tenant existed between appellees and Burgundy Woods. Appellant, in his answer to appellees' motion for summary judgment offered two affidavits attempting to raise a fact issue as to the nature of the relationship among appellees, Burgundy Woods, and Andres Lagueruela. Appellant's affidavits are by Richard Rudd, a plumbing contractor who participated in the renovation of the Burgundy Woods building and by Laguer-

uela, the President of Burgundy Woods and alleged agent of appellees.

■ The remedy of summary judgment is a harsh remedy and should be administered only with great care. The underlying purpose of Tex.R.Civ.P. 166–A is to eliminate patently unmeritorious claims or untenable defenses and the rule is not intended to deprive litigants of their rights to a full hearing on the merits of any real issue of fact. *Rio Grande Valley Sugar Growers v. Campesi*, 580 S.W.2d 850 (Tex. Civ.App.-Corpus Christi 1979, writ granted); *Price v. Horace Mann Life Ins. Co.*, 590 S.W.2d 644 (Tex.Civ.App.-Amarillo 1979, no writ hist.). It is well settled that a summary judgment may be based on uncontroverted testimonial evidence of an interested witness, if the evidence is clear, direct, and positive and there is nothing in the record tending to discredit the testimony. *Lazidis v. Goidl*, 564 S.W.2d 453 (Tex.Civ.App.-Dallas 1978 no writ); *Gulf Collateral, Inc. v. Cauble*, 462 S.W.2d 619 (Tex.Civ.App.-Ft. Worth 1971 no writ); Tex.R.Civ.P. 166–A(c).

■ Appellees through affidavits, pleadings and depositions have established that no principal-agent relationship existed between themselves and Burgundy Woods or Andres Lagueruela. Where a proponent of a motion for summary judgment has established a prima facie case, then the opponent of the motion has the burden of introducing some evidence to raise an issue of material fact in order to prevent rendition of a summary judgment. *Walsh v. Austin*, 590 S.W.2d 612 (Tex.Civ.App.-Houston [1st Dist.] 1979 writ ref'd w.o.j.); *Woolhouse v. Tolchin Instruments, Inc.*, 601 S.W.2d 106 (Tex.Civ.App.-Dallas 1980 no writ hist.). Thus the issue is whether appellant, through his affidavit in opposition to summary judgment, has presented sufficient evidence to create an issue of fact concerning appellees' relation with Burgundy Woods.

■ An affiant, either supporting or opposing a motion for summary judgment must have personal knowledge of state-ments depended upon to raise a fact issue and must be competent to testify as to the subject matter of the statements. *McDonald v. Clemens*, 464 S.W.2d 450 (Tex. Civ.App.-Tyler 1971 no writ); *Spradley v. McCrackin*, 505 S.W.2d 955 (Tex.Civ.App.-Tyler 1974 writ ref'd n.r.e.). An affidavit based on hearsay is insufficient. *Berger v. Berger*, 578 S.W.2d 547 (Tex.Civ.App.-Houston [1st Dist.] 1979 no writ); 45 Tex.Jur.2d *Pleadings*, § 137 (1963). The affiant Richard Rudd clearly does not meet these requirements. Mr. Rudd's affidavit contains the bare statement that "it was generally understood that John Paul Price and others who owned Burgundy Woods were also partners in the construction and renovation of the building." There is no indication of where or how Mr. Rudd obtained this information. The trial judge should not be required to speculate whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 233 (Tex.1963).

■ As for Mr. Lagueruela's affidavit, it must be noted that he is the alleged agent of appellee and it is well settled that an agent's own representations cannot establish his agency or the nature and scope of his authority. *Caprock Industries, Inc. v. Wood*, 549 S.W.2d 430 (Tex.Civ.App.-Amarillo 1977 no writ).

■ Even assuming *arguendo* that Lagueruela's affidavit contains admissible testimony, it would not support appellant's claim that there was a principal-agency relationship between appellees and Burgundy Woods or Mr. Lagueruela. For there to exist an agency relationship there must be a meeting of the minds as between the parties in establishing the agency and the consent of both the principal and the agent is necessary to create the agency. The principal must intend that the agent shall act for him and the agent must intend to accept the authority and act on it. *Texas Processed Plastics, Inc. v. Gray Enterprises*, 592 S.W.2d 412 (Tex.Civ.App.-Tyler 1979 no writ hist.). Nowhere in Mr. Lagueruela's affidavit does he state facts showing that

there was any meeting of the minds between himself and appellees on the idea of a principal-agent relationship, or that there was any intent to create one.

 Appellant also claims that appellees as landowners are liable on the basis of *quantum meruit* and that none of the summary judgment proof disposes of this issue. However, this issue was not presented to the trial court in appellant's motion in opposition to the summary judgment. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166–A(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

Judgment of the trial court is affirmed.