**BANKERS COMMERCIAL LIFE INSURANCE COMPANY, Appellant,**

v.

**E. V. SCOTT and American National Bank of Terrell, Appellees.**

**No. 1514.**

Court of Appeals of Texas, Tyler.

March 29, 1982.

Rehearing Denied April 15, 1982.

Robert D. Lybrand, G. H. Kelsoe, Jr., Kelsoe & Ayres, Dallas, for appellant.

Paul D. Schoonover, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, Tom M. Snow, Terrell, Wynne & Wynne, Wills Point, for appellees.

MOORE, Justice.

This is a summary judgment case. Bankers Commercial Life Insurance Company filed suit against its former treasurer, E. V. Scott (Scott), and American National Bank of Terrell alleging that Scott and the bank conspired to defraud the insurance company, that the bank converted checks presented by Scott and that the bank was negligent in handling checks presented by Scott. The checks presented by Scott were drawn on the account of the insurance company and were payable to various payees.

The bank moved for summary judgment on each of the insurance company's causes of action specifically and generally on limitations. The trial court granted the motion for summary judgment, from which the insurance company has perfected this appeal.

We reverse and remand in part and affirm in part.

The bank's motion for summary judgment alleged that it was entitled to a take-nothing judgment as a matter of law on the following grounds:

(1) that the bank's affidavit of Ritter Husley and Guinn Godwin was sufficient to shift to the appellant the burden of showing a genuine issue of fact in regard to the conspiracy cause of action;

(2) that the final payment rule of Texas Business & Commerce Code § 3.418 precludes a cause of action against a depository bank based on negligence;

(3) that the bank could not have converted the checks in question as Texas Business & Commerce Code § 3.405a 2 and 3 renders the endorsement of any person signing in the name of the named payee effective if the person signing as drawer intends the payee to have no interest in the item or if an employee of the drawer has applied the name of the payee

for the intent that the payee have no interest in the item;

(4) that the insurance company's causes of action based on negligence and conversion are barred by Texas Revised Civil Statutes Ann. art. 5526 with regard to checks deposited with the bank prior to July 28, 1973.

The record reflects that the insurance company employed Scott first as chief accountant and later as an officer and director and finally as an independent outside accountant. During the period from September 28, 1971, through November 7, 1973, Scott presented the bank with various checks drawn on the account of the insurance company and made payable to various payees, including N. I. Supply, N. I. Printing, N. I. Advertising, and Sam W. Abnor. These checks totaled $269,307.35. Each item was cashed at or deposited with the bank by Scott.

Bankers Insurance Company brings five points of error challenging the trial court's granting of a summary judgment in favor of the bank. Appellant's first point of error alleges that the trial court erred in granting the summary judgment because there was a material issue of fact as to whether there was a conspiracy between the bank and Scott to defraud appellant.

Appellee responds that the affidavits of Godwin and Hulsey were sufficient to shift to appellant the burden of showing a genuine issue of fact existed in regards to the conspiracy theory. The affidavit of Godwin stated that he was the senior vice president of the bank; that he was primarily in charge of Scott's account; that he never considered himself a close friend of Scott; and that he and Scott were at most casual acquaintances. Godwin went on to state that he had never received any gifts from Scott, had never entered into any joint venture with Scott to defraud the insurance company and that he was unaware of Scott's activities until the present lawsuit was filed. Godwin's affidavit concluded by stating that he did not know of a single fact indicating any employee, officer or director

of American Bank knew or had reason to know that Scott was depositing checks payable to fraudulent figments of Scott's imagination bearing forged endorsements into his account on American Bank and that all facts known to him indicated that the bank had acted in good faith and without knowledge of any of Scott's alleged wrongful activities. Hulsey, the President of American Bank, filed an affidavit in which he similarly testified.

Appellant, in its opposition to the summary judgment, filed affidavits by Scott and by Sam Abnor, the president of appellant. Scott's affidavit stated that he and Godwin were good friends and that Godwin had instructed the employees to cash anything Scott presented. The affidavit of Abnor simply stated that Scott's embezzlement was carefully concealed and not discoverable until November 1973.

It is well settled that the movant in a summary judgment proceeding has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Town North Nat. Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978); *Vanderford v. Hudson,* 619 S.W.2d 432 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). All doubts concerning the existence of a material fact question are to be resolved against the party moving for summary judgment and the evidence viewed in a light most favorable to the non-movant. *Rose v. Enterprise Co.,* 617 S.W.2d 737 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.). In the instant case the affidavits in support of a summary judgment were both by employees of the defendant bank. A summary judgment may be based on the affidavit of an interested witness, however, the affidavit must be "clear, positive, and direct, otherwise credible and free from contradictions and *could have been readily controverted.*" (Emphasis ours.) Texas Rules of Civil Procedure, 166–A; *A & S Electrical Contractors, Inc. v. Fischer,* 622 S.W.2d 601 (Tex. App.—Tyler 1981, no writ).

Appellant contends that the affidavits of Godwin and Hulsey are not readily convertible. We must agree. The very essence of a conspiracy is secret intent of the co-conspirators. In *Schlumberger Well Surveying Corporation v. Nortex Oil & Gas Corporation,* 435 S.W.2d 854 (Tex.1969), the court stated:

A conspiracy to defraud on the part of two or more persons means a *common purpose,* supported by a conserted action to defraud, *that each has the intent to do it* and that it is common to each of them, and that each has the understanding that the other has that purpose. Id. at 857. (Emphasis in original.)

We do not believe the statements of Godwin or Hulsey that they were unaware of Scott's activities or never had "a meeting of the minds" with Scott and never "intended" to defraud Bankers are proper proof for summary judgment purposes. The affidavits are, in essence, self-serving statements of interested parties of what they knew and intended. In the context of a conspiracy, we believe such issues of intent and knowledge of alleged co-conspirators are not susceptible to being readily controverted and are best left to the determination of the trier of fact.

Appellee contends that the appellant waived this objection by not raising it at the summary judgment hearing. The bank cites Rule 166–A(f), Tex.R.Civ.P., which provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

The bank contends that the insurance company's failure to follow such procedure should bar it from raising the issue of whether the affidavits are controvertible on appeal. We cannot agree. The sole issue before this court is whether the bank presented sufficient evidence to establish *as a matter of law* that it was entitled to

summary judgment. The non-moving party has no duty or burden whatsoever in a summary judgment case until the moving party establishes its right to a summary judgment. *Orozco v. Texas General Indem. Co.*, 611 S.W.2d 724 (Tex.Civ.App.—El Paso 1981, writ ref'd n. r. e.). In the instant case, the movant, American National Bank, failed to establish as a matter of law that it was entitled to summary judgment. Appellant's first point of error is sustained.

▬ Appellant's second point of error contends that the trial court erred in granting a summary judgment on the bank's negligence/bad faith cause of action since a material issue of fact existed.

The insurance company in its petition alleged that the bank was negligent, on notice that Scott's conduct was fraudulent, derelict in its duty, cashed checks despite forgeries, failed to promptly identify the named payee, and failed to see that the checks were deposited in an account conforming to the named payee. The bank responded that negligence was not a basis for liability of the collecting bank. The Bank bases this claim on the final payment rule as set forth in Texas Business and Commerce Code § 3.418[1] (The Code) which states:

> .... payment or acceptance of any instrument is final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment.

In *Aetna Life & Cas. Co. v. Hampton State Bank*, 497 S.W.2d 80 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.), the court held that no recovery for negligence could be had against a collecting bank if payment of the check was final under § 3.418 of the Code. The court went on to state, however, that the collecting bank must be a holder in due course or a holder for value. A holder in due course is defined in § 3.302(a) as "a person who has in good faith changed his position in reliance on the payment." The test for good faith is knowledge of facts

and circumstances amounting to bad faith. *First State Bank & Trust Co. v. George*, 519 S.W.2d 198, 203 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Richardson Co. v. First Nat. Bank*, 504 S.W.2d 812, 816 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.).

As stated previously, appellant alleged that the bank was on notice of Scott's fraudulent conduct and was involved in a conspiracy with Scott. These allegations, if accepted as true, would deny appellee the protection of § 3.418. The affidavits of Godwin and Hulsey, the president and vice president of the appellee bank, are not sufficient to establish as a matter of law the absence of knowledge on the part of appellees so as to establish good faith. Therefore, there is a material issue of fact as to whether the appellee is within the protection of § 3.418. Appellant's second point of error is sustained.

▬ Appellant's third point of error contends the trial court erred in granting a summary judgment on appellant's conversion cause of action since material issues of fact existed.

Section 3.419(a)(3) of the Code which controls conversion actions against collecting banks states in part: "An instrument is converted when ... it is paid on a forged instrument." The bank in its motion for summary judgment relied upon the fictitious payee rule as set forth in § 3.405(a)(2) of the Code which states: "An endorsement by any person in the name of a named payee is effective if ... (2) a person signing as or on behalf of a maker or drawer intends the payee to have no interest in the instrument ...."

Appellant in response argues that the bank failed to prove that the payees were fictitious or that Scott intended that the payees have no interest. Appellant's argument is raised for the first time on appeal. At the hearing on the summary judgment, the insurance company never questioned

---

1. All citations unless otherwise indicated are to Tex.Bus. & Com.Code Ann. § 2.1 *et seq.* (Vernon 1968).

the applicability of § 3.405 or the issue of whether the existence or nonexistence of the payees or whether Scott intended for them to have an interest. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered as grounds for reversal. Texas Rules of Civil Procedure, 166–A(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *A & S Elec. Contractors, Inc. v. Fischer*, 622 S.W.2d 601 (Tex.App.—Tyler 1981, no writ). Appellant's third point of error is overruled.

Appellant's points of error four and five concern the trial court's granting of summary judgment on the question of limitations. Appellant's suit was filed July 23, 1975. The trial court held that all checks deposited with appellee bank prior to July 23, 1973, were barred by the two-year statute of limitations. Texas Revised Civil Statutes Annotated, art. 5526 (Vernon 1958).

Appellant contends and appellee so concedes, that if summary judgment on the insurance companies' conspiracy cause of action is reversed then summary judgment based on limitations must also be reversed since there would be a question of fact as to whether the discovery rule (also known as the doctrine of fraudulent concealment) would toll the running of limitations. We agree. Since we have held that summary judgment was improper to the appellant's conspiracy cause of action, it is also improper for the statute of limitations. Appellant's points of error four and five are sustained.

The judgment of the trial court granting summary judgment on appellant's causes of action for conspiracy, negligence and bad faith, and generally on limitations is reversed and the cause remanded for a trial on the merits.

McKAY, J., not participating.