IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-152-CV




ALLEN BRIDGES AND KATHY BRIDGES,




 APPELLANTS


vs.





H. E. BUTT GROCERY COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 421,979-A, HONORABLE WILL WILSON, JR., JUDGE PRESIDING



 




 Appellants, the Bridges, filed suit against H. E. Butt
Grocery Company (H.E.B.) and Louis Robles to recover damages for
personal injuries Kathy Bridges and her children sustained when
Robles shot out their car's rear window in an H.E.B. parking lot. 
H.E.B. moved for summary judgment on the grounds that it owed no
duty to appellants to protect or warn them against the tortious
conduct of a third party. The trial court granted H.E.B.'s motion
and severed the action against H.E.B. from the action against
Robles. The Bridges appeal the summary judgment. We will reverse
the judgment and remand the cause to the trial court.

 The summary judgment proof showed that on March 31, 1989,
at about 9:30 p.m., the assistant manager of an H.E.B. store
received a phone call from an unidentified male who threatened the
assistant manager with bodily injury and threatened to "blow up the
store" due to his wife's poor treatment at the store. H.E.B.
employees did not report the threat to the police or to the store's
security personnel or take any other action to protect or warn its
employees or patrons. The next day, as Kathy Bridges and her three
children loaded groceries into their car, Louis Robles, who had
been drinking, drove at a high rate of speed into the H.E.B.
parking lot, skidded to a stop, and fired his shotgun, shattering
the back window of the Bridges' car and injuring them.

 A defendant who moves for summary judgment without
asserting an affirmative defense bears the burden of showing that
no genuine issue of material fact exists as to at least one element
of each of the plaintiff's causes of action and that it is entitled
to judgment as a matter of law. Gray v. Bertrand, 723 S.W.2d 957,
958 (Tex. 1987); Gibbs v. General Motors Corp., 450 S.W.2d 827, 828
(Tex. 1970). In deciding whether there is a disputed material fact
issue, we will take as true all evidence favorable to the non-movant and will resolve any doubt and make every reasonable
inference in favor of the non-movant. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 The common law doctrine of negligence consists of three
elements: 1) a legal duty owed by one person to another; 2) a
breach of that duty; and 3) damages proximately resulting from the
breach. Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523,
525 (Tex. 1990); El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex.
1987). The existence of a duty is a question of law for the court
to decide from the facts surrounding the occurrence in question. 
Greater Houston Transp. Co., 801 S.W.2d at 525; Otis Eng'g Corp. v.
Clark, 668 S.W.2d 307, 312 (Tex. 1983).

 Appellee moved for summary judgment on the basis that it
did not owe appellants a duty to protect them from the accident
that caused their injuries. In a single point of error, appellants
complain that the trial court erred in granting H.E.B.'s motion for
summary judgment because "there is a genuine issue of material fact
as to the duty H.E.B. owed" them. We hold that appellee failed to
establish conclusive facts surrounding the occurrence in question
from which no duty could arise as a matter of law.

 An invitee is one who "enters on another's land with the
owner's knowledge and for the mutual benefit of both." Rosas v.
Buddies Food Store, 518 S.W.2d 534, 536 (Tex. 1975). Clearly,
appellants were invitees. An occupier of business premises is not
an insurer of the safety of his invitees, but owes them a duty of
reasonable care. Rosas, 518 S.W.2d at 536; Garner v. McGinty, 771
S.W.2d 242, 244 (Tex. App. 1989, no writ); Hendricks v. Todora, 722
S.W.2d 458, 461 (Tex. App. 1986, writ ref'd n.r.e.). A business
invitor owes a duty to his business invitees to take reasonable
steps to protect them from injuries intentionally caused by third
parties if he knows or has reason to know, from what he has
observed or from past experience, that criminal acts are likely to
occur, either generally or at some particular time. Garner, 771
S.W.2d at 246; see also Walkoviak v. Hilton Hotels Corp., 580
S.W.2d 623, 625 (Tex. Civ. App. 1979, writ ref'd n.r.e.). 

 In determining whether the defendant owed any duty under
the circumstances, the court will consider several interrelated
factors, including the risk, reasonable foreseeability, and
likelihood of injury weighed against the social utility of the
actor's conduct, the magnitude of the burden of guarding against
the injury, and the consequences of placing the burden on the
defendant. Greater Houston Transp. Co., 801 S.W.2d at 525; Otis,
668 S.W.2d at 309. Foreseeability of the risk is the foremost and
dominant consideration. Greater Houston Transp. Co., 801 S.W.2d at
525; El Chico, 732 S.W.2d at 311. 

 Appellee contends that, under the facts shown, it owed no
duty to the Bridges. Appellants concede that, were it not for the
threatening phone call, H.E.B. would have had no reason to know
that an incident was likely to occur; thus, the parking lot
shooting would have been unforeseeable, and appellee would have
been under no duty to protect appellants from Robles's acts. The
record reveals, however, that the material facts surrounding the
occurrence in question are disputed and depending upon their
resolution, could give rise to a duty on the part of H.E.B.

 H.E.B. argues that the phone call and the shooting were
unconnected, so that the former gave H.E.B. no reason to know that
the latter might occur. In support of this argument, appellee
relies upon Robles's testimony that he held no grudge against
H.E.B., that he made no threatening calls to H.E.B., and that the
shooting was an accident. In determining the weight that may be
given to Robles's testimony, we look to Rule 166a which provides in
relevant part:



A summary judgment may be based on uncontroverted
testimonial evidence of an interested witness . . .
if the evidence is clear, positive and direct, otherwise
credible and free from contradictions and
inconsistencies, and could have been readily
controverted.



Tex. R. Civ. P. Ann. 166a (c) (Supp. 1991). Testimony is capable
of being "readily controverted" when it is of a nature which can be
effectively countered by opposing evidence. Casso v. Brand, 776
S.W.2d 551, 558 (Tex. 1989).

 Assuming appellant must somehow connect the incident to
the call, Robles's testimony that he did not make the phone call
does no more than raise a fact issue about the matter. Robles
faced considerably greater civil and criminal liability for an
intentional shooting as opposed to an accidental one. As an
interested witness, his statement does not conclusively prove that
he did not make the threatening phone call because this self-serving testimony could not have been readily controverted. The
value of Robles's testimony, therefore, depends on his credibility. 
When the deponent's credibility is likely to be a dispositive
factor in the resolution of the case, summary judgment is
inappropriate. Casso v. Brand, 776 S.W.2d at 558.

 The record contains other proof concerning the phone
call. In an undated affidavit, James W. Dwyer, the assistant store
manager, claimed that he received the threatening call four or five
days before the shooting, and that the caller did not have an
Hispanic accent, but spoke with "a slight black dialect." Robles
is Hispanic, but the record does not reflect his accent, if any. 
Appellant's summary judgment proof, however, which we must take as
true, contradicts Dwyer's affidavit. According to the affidavit of
William R. Mauldin, the investigating police officer who
interviewed Dwyer on the day after the shooting, Dwyer reported to
Mauldin that he received the call about 9:30 p.m. on the evening
before the shooting, that Dwyer assumed that the caller was black
or Hispanic, and that when he listened to Louis Robles speak, Dwyer
could not say whether Robles had made the threatening call. 
Appellee has failed to demonstrate that the call and the shooting
could not have been related.

 Appellee characterizes the shooting as an accident, again
based on Robles's self-serving, controverted deposition testimony
that he had acted without criminal intent. Summary judgment based
on the self-serving statements of interested parties is
inappropriate where intent is in issue. Allied Chemical Corp. v.
DeHaven, 752 S.W.2d 155, 158 (Tex. App. 1988, writ den.); Hunt v.
Van Der Horst Corp., 711 S.W.2d 77, 79 (Tex. App. 1986, no writ);
Bankers Commercial Life Ins. Co. v. Scott, 631 S.W.2d 228, 231
(Tex. App. 1982, writ ref'd n.r.e.). Indeed, summary judgment is
rarely appropriate at all on the issue of intent. Hunt, 711 S.W.2d
at 79; see also Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19, 20
(Tex. 1963).

 Robles's version of the facts is further contradicted by
other witnesses. Robles denied that he drove fast into the H.E.B.
parking lot or that there was an H.E.B. employee or anyone else in
the area where he stopped. He stated that when he parked his
truck, the gun, which had been leaning against his leg, moved to
the side. The gun accidentally discharged as he picked it up to
move it into a gun pouch behind his seat. This testimony is
contradicted by the affidavit of Rodney Bryant, the off-duty police
officer who happened to be in the lot at the time and who reached
Robles immediately after the shooting: 



While walking, I saw a small brown pickup driven by a
Hispanic male, come from northbound to eastbound in the
parking lot, and in the area barricaded off for vehicle
traffic. The rear tires of the vehicle were spinning,
and it was fishtailing at a high rate of speed for a
private parking lot with extensive pedestrian traffic in
this area. The driver of the pickup slammed on his
breaks (sic) as he approached the east entrance to
H.E.B., and skidded to a halt. As the vehicle came to a
stop, I observed an employee of H.E.B., who had an orange
flag in his hand, approach the vehicle on the passenger
side. When the employee walked up to the vehicle, he
leaned over and said something to the driver. I then saw
the employee push away from the vehicle quickly, as if to
get out of the way of something. I then heard a loud
bang. . . .



Such conduct could be consistent with someone acting intentionally.

 The record shows that H.E.B. received a threatening call;
the next day, Robles shot at appellants in the H.E.B. lot. If the
call was unrelated to the incident, if the shooting was
unintentional and accidental, or if the shooting were to remote
from the act threatened to be reasonably foreseeable, H.E.B. may
have owed no duty to appellants. If the call was a threat
intentionally carried out by Robles in a foreseeable manner,
however, H.E.B. may have had a duty to protect appellants against
such risk. Whether appellants can prove facts which would give
rise to liability on the part of H.E.B. remains for a jury to
decide. We do not hold that threatening phone calls give rise to
a duty to protect invitees against every random injury that may
occur for an unlimited period of time. Appellee, however, has
failed to carry its burden to establish undisputed facts
conclusively negating the existence of any duty in this instance. 
Thus, we cannot say that appellee has proven, as a matter of law,
that it owed no duty to appellants. The summary judgment,
therefore, was improper.

 The judgment of the trial court is reversed and the cause
remanded for proceedings consistent with this opinion. 



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and Kidd]

Reversed and Remanded

Filed: July __, 1991

[Do Not Publish]