**Bassiony RHIMA d/b/a Rhima's Commercial Properties, Appellant,**

v.

**Larry WHITE, Sr., Appellee.**

**No. 2–91–059–CV.**

Court of Appeals of Texas, Fort Worth.

April 29, 1992.

Rehearing Overruled July 17, 1992.

Pezzulli & Associates and Charles J. Fortunato, Dallas, for appellant.

Cribbs & McFarland, P.C. and Paul F. Wieneskie, James A. Cribbs and Paul Francis, Arlington, for appellee.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Bassiony Rhima, d/b/a Rhima's Commercial Properties, appeals from the granting of a summary judgment in favor of Larry White, Sr., appellee. In three points of error, Rhima claims that the trial court erred by: 1) granting White's motion for summary judgment, because material issues of fact existed; 2) failing to continue the summary judgment hearing, and failing to grant him a new trial; and 3) striking his Fourth Amended Petition because it asserted a new cause of action against White.

We affirm.

This dispute arose out of a deed of trust given to White by Hugh Moore on a parcel of land and subsequent conveyance of that same parcel by Moore to Rhima. On October 17, 1986, Moore gave a deed of trust on the parcel to White for the purpose of securing a pre-existing debt owed by Moore to White in the amount of $3,000,000.00. There is evidence in the record that Moore and White had had previous business dealings. The deed of trust was filed in the real property records of Tarrant County on December 11, 1986.

On January 7, 1987, Moore, in need of cash, approached Rhima about selling a portion of the encumbered parcel to Rhima. Moore did not tell Rhima about the deed of trust to White. On January 9, 1987, some four weeks after White had recorded Moore's deed of trust, Rhima bought two tracts of land from Moore and paid $119,-424.00 for them. They were a part of the encumbered property covered by the deed of trust. Rhima did not perform a title search on the properties prior to the transaction, and did not become aware of White's recorded deed of trust lien until long after he had purchased the property. In the instant suit, Rhima sued to quiet title, and alleged fraud and conspiracy against both White and Moore.

In point of error number one, Rhima complains that the trial court erred in rendering summary judgment in White's favor, as material issues of fact remain with respect to each of his causes of action.

We must determine whether or not White met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166a.

■ Rhima's allegation of fraud against both Moore and White is founded upon the facts that Moore did not inform him of the deed of trust he had given to White, and that Moore and White had had prior business dealings between them. White counters that these facts are not sufficient proof that he defrauded Rhima. We agree, and hold that the summary judgment evidence conclusively disproves two essential elements of Rhima's cause of action against White.

Moore gave the deed of trust to White in October 1986, and the instrument was properly recorded in December of 1986. The sale to Rhima was made by Moore some four weeks after the public recordation of the deed of trust by White. The record further reflects that Rhima and White had not met each other until April of 1987, and therefore no act or statement by White could give rise to any act of reliance by Rhima. Therefore, White conclusively negated the elements of both misrepresentation and reliance in regard to him with respect to the sale by Moore to Rhima made the basis of this suit. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 611 (Tex. Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). On the facts before the court in the summary judgment hearing, as a matter of law there was no fraud shown on the part of White.

■ With respect to Rhima's conspiracy cause of action, we agree with Rhima that the affidavit of an interested witness or party seeking to defeat a conspiracy cause of action via summary judgment is alone not competent summary judgment evidence, in that such facts are not readily controvertible. *American Petrofina, Etc. v. Crump Bus. Forms*, 597 S.W.2d 467, 470–71 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *see also Winkler v. Kirkwood Atrium Office Park*, 816 S.W.2d 111 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

■ However, the Court in *American Petrofina* indicated that if there is other summary judgment evidence in the record supporting and corroborating the affiant's testimony, the rule regarding affidavits of interested witnesses will not apply. *American Petrofina*, 597 S.W.2d at 471. In the instant case, there is competent summary judgment proof that the deed of trust was executed, delivered and recorded by White long before Moore approached Rhima to sell him the property. There is also Rhi-

ma's testimony in the record that Moore, acting alone, induced him to purchase the property, and that Rhima never met White until some three months after the sale to Rhima was consummated. These facts, coupled with White's open recordation of the deed of trust well before Rhima's purchase negates any possible conspiracy agreement between Moore and White, and fails to show a common purpose between conspirators.

There is no suggestion anyone ever told Rhima "not" to check the county deed records, or that the deed of trust was not readily discoverable. Even had the trial court erred in considering the affidavit of White, Rhima failed to object to both the affidavit of White and the balance of White's summary judgment motion, and thus has failed to preserve error in that regard. Tex.R.Civ.P. 166a(c) & (f). We hold that the summary judgment was proper as to the conspiracy cause of action.

■ Rhima's third cause of action was an equitable claim to quiet title. The uncontroverted summary judgment evidence shows that White's deed of trust was filed on December 11, 1986, and that the deed from Moore to Rhima was executed and filed on January 9, 1987.

Pursuant to the provisions for recording liens and conveyances set out in the Texas Property Code, White has made a prima facie showing that his interest in the property is superior to that of Rhima. Tex. Prop.Code Ann. secs. 13.001 (Vernon Supp. 1992) & 13.002 (Vernon 1984). The only summary judgment evidence alleged by Rhima in support of his action to quiet title is that the deed of trust should fail as a result of the fraud and conspiracy, as well as because of a lack of consideration for the deed of trust. In view of our determination of the validity of Rhima's claims for fraud and conspiracy, and the fact that Rhima brought forth no competent summary judgment evidence in support of his claim of failure of consideration, we hold that the trial court properly granted summary judgment against Rhima on his action to quiet title. Point of error number one is overruled.

■ In point of error number two, Rhima complains that the trial court erred in not continuing the summary judgment hearing and in not granting his motion for new trial to the extent that it was based upon newly discovered evidence. The motion for continuance was based upon Rhima's expressed need to depose Moore, the codefendant to this action. We note that there was no attempt to depose Moore for more than a year after this action was filed, and that he was not in fact deposed until after the summary judgment hearing. The fact that Moore was in a federal penitentiary when his deposition was first scheduled, and that Rhima changed counsel during the pendency of the summary judgment motion does not excuse Rhima's lack of due diligence in obtaining the requisite summary judgment evidence to controvert White's motion. *See Eckman v. Centennial Sav. Bank,* 757 S.W.2d 392, 395–96 (Tex. App.—Dallas 1988, writ denied).

We further agree with White that Rhima—in his motion for continuance—did not present to the trial court an affidavit showing that he had used due diligence in procuring Moore's deposition, and that Moore's testimony was material to his opposition of the summary judgment. Tex. R.Civ.P. 252. Therefore, we hold that the trial court did not abuse its discretion in denying Rhima's motion for continuance.

The alleged newly discovered evidence that Rhima based his motion for new trial upon was a product of Moore's deposition. Specifically, Rhima alleges that he discovered that Moore had transferred properties to White without White's knowledge or consent, that the transfers were often made without consideration, and that Moore and White had conducted business together on many instances. We note that Rhima's response to the motion for summary judgment and the affidavit of Rhima attached thereto essentially state these same allegations. Rhima did not "discover" any probative new evidence after summary judgment, and his motion for new trial simply sets forth cumulative evidence. *See Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983). We hold that

the trial court did not abuse its discretion in overruling Rhima's motion for new trial. Point of error number two is overruled.

In point of error number three, Rhima claims that the trial court erred in striking his fourth amended petition. This petition alleged an additional cause of action against White and was filed with the court on August 13, 1990. However, the hearing on White's motion for summary judgment took place on June 28, 1990. Leave of court was not obtained by Rhima to file an amended petition during the seven days prior to the summary judgment hearing, nor thereafter, as is required. *See Love v. Sneed*, 802 S.W.2d 422, 423–24 (Tex.App.—Austin 1991, no writ); TEX. R.CIV.P. 63. Further, the trial court's decision granting White's motion for summary judgment was pronounced by letter dated August 7, 1990. Although neither a docket entry nor memorandum of judgment was made at the time, the record indicates that Rhima acknowledged receipt of the court's decision.

We agree with White that a decision of the court announced by letter from the court to the parties, when no announcement is made in open court, constitutes rendition of judgment. *Estes v. Carlton*, 708 S.W.2d 594, 596 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.). Even were we to hold that Rhima could have amended his petition without leave of court subsequent to the summary judgment proceeding, he could obviously have not done so after the rendition of judgment. We hold that the trial court did not abuse its discretion in striking Rhima's fourth amended petition. Point of error number three is overruled.

The judgment is affirmed.