**In re the ESTATE OF Willa THOMPSON.**

**Alfred Dill NEELEY, Appellant,**

v.

**James F. TURNER, Jr., Appellee.**

**No. 12–93–00181–CV.**

Court of Appeals of Texas, Tyler.

March 11, 1994.

Richard L. Ray, Canton, for appellant.

Dean White and C.L. Stanford, Canton, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

HOLCOMB, Justice.

This appeal arises from an adverse summary judgment in a will contest. We will reverse.

In April 1990, Willa Thompson entered a nursing home. At the time, she had to take certain medications that caused a lack of "mental acuity" and "disorientation as to time and place." On July 11, 1990, Thompson executed a will naming her nephew as the sole beneficiary of her estate. Thompson

died, without issue, on February 27, 1992; Turner, her nephew, applied to probate the will on March 4, 1992. On March 12, 1992, Appellant, the decedent's brother, contested the will arguing that the decedent lacked testamentary capacity when she signed the will or that she was under the undue influence of her nephew.

Turner filed a motion for summary judgment, stating as grounds that the testatrix was of sound mind when she executed the will and that "there was no evidence or allegation as to what the Proponent [Turner] did to exercise the alleged undue influence upon the Testator [sic]."[1] As supporting evidence, Appellee provided several pages from the deposition of the decedent's doctor which tended to show the testatrix was of sound mind when the will was executed. Appellant, in his response to the motion for summary judgment, objected to the form of the evidence, and thus, to the lack of evidence on the grounds of capacity and to the total lack of evidence on the grounds of undue influence. Appellant also attached a letter from the same doctor that tended to show the decedent had diminished mental acuity on the date the will was executed. The movant did not object to the form of the non-movant's affidavits. The trial court granted the motion for summary judgment.

 Summary judgment is a stern measure used to eliminate issues that can be determined as a matter of law. Because of the severe results, the rule "must be applied as written." *McConnell v. Southside Independent School Dist.*, 858 S.W.2d 337, 341 (Tex.1993); *A & S Electrical Contractors v. Fischer*, 622 S.W.2d 601, 603 (Tex.App.—Tyler 1981, no writ). Thus, based on the grounds in the motion for summary judgment, Appellee had to prove as a matter of law: (1) that the testatrix was of sound mind on the date the will was executed; and (2) that there was no evidence of undue influence. The burden is on the movant to establish as a matter of law that there is no genuine issue of material fact as to the grounds presented in the motion. *Gibbs v.*

*General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970).

 The letter from the testatrix's doctor was attached to a controverting affidavit and referred to in the affidavit but was not itself authenticated, sworn to, or certified. A formal defect such as this in an affidavit may be waived if not properly raised and none was raised here. *Youngstown Sheet & Tube v. Young*, 363 S.W.2d 230, 234 (Tex.1962). This letter was properly before the trial court in opposition to the summary judgment and raised a fact issue which precludes summary judgment. We also note that the movant did not present the pages of the doctor's testimony in an affidavit, and as such, did not comply with the requirements of Texas Rule of Civil Procedure 166a. *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970). Further, the response to the motion pointed out the deficiency in form of the evidence, and it was not corrected by the movant. Thus, there was no evidence to prove as a matter of law that the movant was entitled to judgment. Since all evidence is to be construed in favor of the non-movant and in whom is indulged every reasonable inference and all doubts being resolved in his favor, it was error to grant summary judgment on the grounds that on a matter of law there was testamentary capacity. *El Chico v. Poole*, 732 S.W.2d 306, 315 (Tex.1987).

 The movant presented no evidence that there was "no undue influence" by Turner on the testatrix as was his burden. Since the movant presented no evidence that he did not unduly influence the testatrix, it was error to grant summary judgment on the ground of undue influence.

Appellee's motion for summary judgment was not supported by evidence that showed he was entitled to judgment as a matter of law; the trial court erred in granting the summary judgment. Appellant's point of error is sustained.

1. Appellant also contested the form of the will. Appellee attacked that allegation in his motion for summary judgment by presenting the will as evidence of its correct form. That issue is not before us on appeal.

The judgment of the trial court is **reversed and the cause remanded for further proceedings.**