Severo **GARCIA,** Individually and as Heir of Victor Garcia, Deceased, and as Independent Administrator of the Estate of Victor Garcia, Deceased, Appellant,

v.

**C.F. JORDAN, INC.** and Raymond Smith, Appellees.

No. 08–93–00115–CV.

Court of Appeals of Texas, El Paso.

July 14, 1994.

Charles McDonald, Louis J. Bodnar, El Paso, for appellant.

Jeffry H. Ray, James A. Mounts, III, Ray & McChristian, P.C., Magdalena G. Jara, Hicks Ray McChristian, El Paso, for appellees.

Before KOEHLER, LARSEN and McCOLLUM, JJ.

## OPINION

KOEHLER, Justice.

The question in this appeal is whether the movants for summary judgment on a cause of action brought against them for conspiracy failed to negate at least one of the essential elements of conspiracy so as to be entitled to a judgment dismissing that cause. We conclude that the trial court erred in granting the summary judgment and therefore reverse and remand that cause for trial on the merits.

### RELEVANT FACTS

On December 26, 1989, Victor Garcia, an employee of Southwest Road & Paving Company, Inc. (Southwest), a subcontractor at a construction job site located in El Paso, Texas, died as a result of a injuries received in a job-related accident. The accident occurred when Roberto Garcia, another employee of Southwest, backed the front-end loader that he was operating over Victor Garcia. Both Roberto Garcia and Victor Garcia were at the time acting in the course and scope of their employment. C.F. Jordan, Inc. (Jordan), Appellee, was the general contractor on the construction project and Raymond Smith (Smith), the other Appellee, was Jordan's representative on the project.

Severo Garcia (Appellant), individually as an heir of Victor Garcia and as administrator of the estate, filed suit against a number of individuals and entities, including Jordan and Smith. In addition to a cause of action alleging various acts of negligence and gross negligence against the various parties resulting in the death of Victor Garcia (Appellant's son) and another cause of action alleging that he (Appellant) was wrongfully terminated by Southwest, Appellant alleged in a third cause of action that the various defendants, including Jordan and Smith, were involved in a conspiracy to defraud Appellant of his cause of action based on the parties' gross negligence. In this connection, Appellant asserted that the defendants:

> [I]ntentionally, maliciously, and wrongfully conspired to defraud ... [him] ... of money and/or benefits, specifically by acting in concert and conspiracy to replace the mal-

functioning back up alarm system upon the loader, in an [sic] wrongful, intentional, and malicious cover-up of a defective back up alarm system. . . .

The record indicates that all claims against all defendants, except Jordan and Smith, had been disposed either by summary judgment or agreed dismissal prior to March 3, 1993, at which time the trial court rendered summary judgment in favor of Jordan and Smith as to all remaining causes of action asserted by Appellant against them.

In this appeal, Appellant complains of the summary judgment only as it pertains to his conspiracy cause of action, contending in two points of error that the trial court erred: (1) in relying on improper summary judgment evidence in finding that there was no conspiracy; and (2) in granting summary judgment as there was no "viable" evidence presented by movants which would negate at least one element of the conspiracy cause of action. The points will be discussed together, as the primary issue is whether the defendants in a civil conspiracy case may obtain summary judgment based solely on affidavits and depositions by interested parties.

### STANDARD OF REVIEW

■ In reviewing a summary judgment appeal, an appellate court must determine whether the successful movants in the trial court carried their burden of showing that there is no genuine issue of a material fact and that they are entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true, and in that connection, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Nixon*, 690 S.W.2d at 548–49.

If the defendants are the movants and they submit summary judgment evidence disproving at least one element of the plaintiff's cause of action, then summary judgment should be granted. *Bradley v. Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex. 1983); *Rayos v. Chrysler Credit Corporation,*

683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ). "A summary judgment may not be based on a weakness of the non-movant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery." *State v. Durham*, 860 S.W.2d 63, 68 (Tex.1993); *Swilley v. Hughes*, 488 S.W.2d 64, 66–67 (Tex. 1972).

### SUMMARY JUDGMENT EVIDENCE

■ A civil conspiracy consists of: (1) the involvement of two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983).

■ In their motion for summary judgment, Jordan's and Smith's primary focus was on negating the "meeting of the mind" element of conspiracy, as illustrated by the following:

In this case, there is no evidence that the backup alarm on the front-end loader was defective, no evidence that MOVANTS knew that the alarm was defective, no evidence that MOVANTS knew that the alarm was replaced, and absolutely no evidence whatsoever that MOVANTS conspired with the object of replacing the allegedly defective alarm. These facts are substantiated by MOVANTS' summary judgment evidence in the form of RAYMOND SMITH'S deposition testimony . . . and Charles F. Jordan Affidavit [sic]. . . . There is no colorable argument that MOVANTS were engaged in a conspiracy to defraud Plaintiff as alleged . . . [by plaintiff].

Relevant to the conspiracy cause of action, Jordan and Smith supported their motion for summary judgment with portions of the deposition of Raymond Smith and the affidavit of C.F. Jordan III, president of C.F. Jordan, Inc. In his deposition, Smith denied knowing "anything about the fact that Southwest Road and Paving purchased a backup alarm system on the 26th, that same day, from Borderland Equipment Company[,]" or "that some several days later, there was seven

other backup alarms purchased from Borderland by Southwest[,]" or that anybody from Southwest had ever discussed or advised him "with regard to anything about backup alarm systems[.]" C.F. Jordan merely stated that he had no personal knowledge that the front-end loader had a faulty backup alarm or that Southwest had purchased a backup alarm on the day of Victor Garcia's accident or thereafter. Neither the affidavit nor the deposition denied involvement in a conspiracy. However, even if they had so denied complicity in a conspiracy, this would have been insufficient to negate the conspiracy allegations.[1]

 Obviously, both Jordan and Smith as parties defendant are interested witnesses. Other than their deposition and affidavit evidence, their motion relevant to the conspiracy cause was unsupported. The law is well established that the affidavits of interested witnesses by themselves are insufficient evidence on which to support a summary judgment dismissing a conspiracy cause of action. *Rhima v. White*, 829 S.W.2d 909, 911 (Tex.App.—Fort Worth 1992, writ denied). The reason for this is that such evidence is not readily controvertible. *Rhima*, 829 S.W.2d at 911; *Perryco, Inc. v. FDIC*, 777 S.W.2d 549, 554 (Tex.App.—El Paso 1989, no writ); *American Petrofina Co. of Texas v. Crump Business Forms, Inc.*, 597 S.W.2d 467, 470–71 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). A summary judgment may be based on the uncontroverted testimonial evidence of an interested witness only "if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, *and could have been readily controverted.*" [Emphasis added]. Tex.R.Civ.P. 166a(c). Because of the nature of a civil conspiracy, a plaintiff usually must prove the agreement element of a conspiracy by circumstantial evidence and reasonable inference. *Christensen v. Sherwood Ins. Services*, 758 S.W.2d 801, 804 (Tex. App.—Texarkana 1988, writ denied); *Schlumberger Well Surveying Corp. v. Nor-*

*tex Oil and Gas Corp.*, 435 S.W.2d 854, 858 (Tex.1968). On the other hand, the uncorroborated affidavits and depositions of interested witnesses are insufficient to establish conclusively the nonexistence of a conspiratorial agreement because such statements are not readily controvertible and such witnesses have a strong motive to deny the existence of any such agreement. *Christensen*, 758 S.W.2d at 804; *Futerfas v. Park Towers*, 707 S.W.2d 149, 157 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Bankers Commercial Life Ins. Co. v. Scott*, 631 S.W.2d 228, 231 (Tex.App.— Tyler 1982, writ ref'd n.r.e.) ("The very essence of a conspiracy is secret intent of the co-conspirators."); *Ashcroft v. W.T. Bradshaw and Co.*, 601 S.W.2d 809, 811 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.); *American Petrofina*, 597 S.W.2d at 470–71;. *See also Casteneda v. Texas Dep't of Agriculture*, 831 S.W.2d 501, 505 (Tex.App.—Corpus Christi 1992, writ denied) (extending conspiracy rule to employment dispute cases); *Winkler v. Kirkwood Atrium Office Park*, 816 S.W.2d 111, 114 (Tex.App.—Houston [14th Dist.] 1991, writ denied) ("When, as here, the credibility of an affiant is likely to be a dispositive factor in the resolution of the case, summary judgment is inappropriate."), citing *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989).

Smith and Jordan argue that Smith's deposition is sufficiently corroborated by Jordan's affidavit. We disagree. For summary judgment purposes, the testimonial statements of interested witnesses can never be corroborative of each other. Nor, for the reasons previously given, is there any merit to Jordan's and Smith's assertion that Smith's testimony could have been "readily controverted" by the use of cross-examination.

Jordan and Smith having failed to negate conclusively the agreement element of a conspiracy, Appellant had no burden to raise a fact issue. *See Orozco v. Texas Gen. Indem. Co.*, 611 S.W.2d 724, 725–26 (Tex.Civ.App.—

---

1. Although the motion for summary judgment also alleges that there is no evidence that the backup alarm was defective, Jordan and Smith fail to present conclusive proof to support that contention, apparently relying either on the assumption that Appellant had the burden to raise a fact issue, or on statements by interested witnesses that they had no knowledge that the backup alarm was defective.

El Paso 1981, no writ). Appellant's points of error are sustained.

We reverse the summary judgment on the conspiracy cause of action only and remand it for trial on the merits.