**James E. ROSS, Appellant,**

v.

**ARKWRIGHT MUTUAL INSURANCE COMPANY Formerly Named Arkwright–Boston Manufacturers Mutual Insurance Co., Mutual Marine Office, Inc., Brice Leon, Felix Salgado, Jr., Gonzalo Sosa, Charles R. Lipcon, Thomas N. Thurlow, Thomas A. Brown, G. Byron Sims and Brown, Sims, Wise & White, P.C., Appellees.**

**No. 14–95–01295–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 17, 1996.

Rehearing Overruled, Nov. 21, 1996.

James E. Ross, Houston, for appellant.

Carlene Rhodes Lewis, Shelley Rae Frockt Elias, Joel Randal Sprott, Peggy R. Ban, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

James E. Ross appeals from a summary judgment granted to all appellees. In one point of error, appellant contends the trial court erred in granting summary judgment because the motions and responses showed there were fact issues to be decided. We affirm.

On original submission, we found that not all of the appellees had addressed all of the causes of action pled by appellants in their respective motions for summary judgment. *Ross v. Arkwright Mut. Ins. Co.,* 834 S.W.2d 385, 389 (Tex.App.—Houston [14th Dist.] 1992), *rev'd,* 866 S.W.2d 590 (Tex.1993). On remand from the supreme court, *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993), we affirmed the judgment of the trial court in part and reversed and remanded in part. The issues that were not addressed by appellees in their motions for summary judgments were reversed and remanded. *Ross v. Arkwright Mut. Ins. Co.,* 892 S.W.2d 119 (Tex.App.—Houston [14th Dist.] 1994, no writ). Appellant in this appeal complains only of the trial court's ruling with respect to his claim against appellees arising out of an alleged unlawful conspiracy to extort money from appellant. When the first appeal was taken in this case, the conspiracy allegation had been addressed by all of the appellees except the Arkwright group (Arkwright Mutual Insurance Company formerly named Arkwright–Boston Manufacturers Mutual Insurance Co., Mutual Marine Office, Inc., Brice Leon, and Felix Salgado, Jr.) and Thurlow. Therefore, on the conspiracy allegation, the summary judgments entered in the first summary judgment hearing (in 1991) are final as to the Brown group (Thomas A Brown, G. Byron Sims and their firm, Brown, Sims, Wise & White, P.C) and Charles R. Lipcon. *Id.* at 134.

The facts of this case were stated in our two prior opinions cited herein and will not be repeated here. In appellant's fifth amended petition filed after remand by this court in *Ross,* 892 S.W.2d at 134, he alleges twenty-one causes of action sounding in tort and arising out of a suit brought by appellees against appellant for malpractice in the underlying federal case, *Sosa v. M/V LAGO IZABAL,* 736 F.2d 1028 (5th Cir.1984). On appeal from summary judgments granted all appellees, he argues that the court erred in granting summary judgment because the record shows that fact issues exist with respect to whether there was a civil conspiracy. Appellant cites *McKnight v. Riddle & Brown, P.C.,* 877 S.W.2d 59 (Tex.App.Tyler

1994, writ denied) and *Garcia v. C.F. Jordan, Inc.*, 881 S.W.2d 155 (Tex.App.—El Paso 1994, no writ) as authority for his sub-point of error that a fact issue exists and that summary judgment was improper. *McKnight* involved the failure of appellees to establish their grounds for summary judgment as a matter of law. Appellant owned a horse that was insured for $200,000.00. The horse died and appellant filed a claim against the policy. The insurance carriers delayed paying the full amount and retained appellees to file declaratory judgment actions in federal court to determine the ownership and value of the horse. The federal actions concluded in appellant's favor. Appellant sued the attorneys for the insurance carriers (appellees) for conspiracy under the Deceptive Trade Practices Act and the Insurance Code. Appellee attorneys filed a motion for summary judgment in the trial court alleging they could negate at least one element of the cause of action and appellant could not produce any evidence to show any unlawful act. In support of their motions, the attorneys filed two self-serving statements of the attorneys of what they knew and intended. The *McKnight* court found these two attorney affidavits were not summary judgment evidence citing *Bankers Commercial Life Ins. Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.) which held that such self-serving statements by interested parties as evidence of issues of intent and knowledge of alleged co-conspirators are not susceptible of being readily controverted and are best left to the determination of the trier of fact. The attorney appellees raised several points in their brief that were not raised in their motion for summary judgment. The *McKnight* court concluded the appellee attorneys failed to allege in their motion for summary judgment other grounds entitling them to summary judgment as a matter of law. The reason for reversal in *McKnight* was the failure of appellee to raise proper grounds in their motion for summary judgment and does not apply to this case.

Appellant also cites *Garcia v. C.F. Jordan, Inc.*, 881 S.W.2d 155 (Tex.App.—El Paso 1994, no writ) in support of his sub-point of error arguing that summary judgment was improper because there was a fact issue.

*Garcia* was similar to *McKnight* in that summary judgment was reversed because it was supported only by affidavit and deposition testimony of interested parties. *Id.* at 157–58. Appellants did not allege any other grounds for their summary judgment and furnished no other evidence other than self-serving statements of interested parties. The *Garcia* court found that the uncorroborated affidavits and depositions of interested witnesses are insufficient to establish conclusively the nonexistence of a conspiratorial agreement because such statements are not readily controvertible and such witnesses have a strong motive to deny the existence of any such agreement. *Id.* at 158 (citing *Bankers Commercial Life Ins.,* 631 S.W.2d at 231, and other cases). Both *Garcia* and *McKnight* involved reversals for insufficient evidence of negating the requirement of the "meeting of the mind" element of conspiracy and are not applicable here.

On oral argument and in support of his challenge to the legal sufficiency of the evidence to support summary judgment as a matter of law, appellant argued that appellees failed to file special exceptions to his alleged defective pleadings and that summary judgment was an improper means to circumvent his right to amend his pleadings in response to special exceptions. Appellant cites *Texas Dept. of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974) as authority.

■■■ Summary judgment based on a pleading deficiency is proper if a party has had an opportunity by special exception to amend and fails to do so, or *files a further defective pleading* (emphasis added). *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994), citing *Texas Dept. of Corrections v. Herring,* 513 S.W.2d at 10. A review of the pleadings in such case is *de novo,* with the reviewing court taking all allegations, facts and inferences in the pleadings as true and viewing them in a light most favorable to the pleader. *Natividad,* 875 S.W.2d at 699. The reviewing court will affirm the summary judgment only if the pleadings are legally insufficient. *Id.*

■■■ Appellant did not did not object to appellees' motions for summary judgment on

the grounds that appellees must file special exceptions to attack appellant's cause of action and that the motions for summary judgment were improper by depriving him of his right to amend his pleadings. Furthermore, appellant did not assign this ground as a point of error nor did he brief it. The complaint that summary judgment was granted without opportunity to amend must be raised in the trial court or it is waived. *San Jacinto River Authority v. Duke,* 783 S.W.2d 209, 209–10 (Tex.1990). Furthermore, rule 52(a) of the Texas Rules of Appellate Procedure provides, in pertinent part, "[i]n order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling...." Tex.R.App. P. 52(a); *Id.* at 210. The subpoint raised on oral argument by appellant concerning the failure of appellees to specially except to his defective pleadings is waived by appellant for failure to raise this complaint in the trial court.

One of the grounds urged in all motions for summary judgment by appellees was there is no recognizable cause of action against appellees arising out of the conduct of an attorney engaged in representing a party in a lawsuit in which appellant also represented a party. Appellees cite *Bradt v. West,* 892 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1994, writ denied) as authority. In *Bradt,* attorneys who had represented a former husband in a divorce action sued opposing counsel, clients and insurance carriers, for conduct relating to contempt charges against the plaintiff attorneys. The *Bradt* court held, as to that part of the case against the attorneys:

Adhering to these principles, we hold that an attorney does not have a right of recovery, under any cause of action, against another attorney arising from conduct the second attorney engaged in as part of the discharge of his duties in representing a party in a lawsuit in which the first attorney also represented a party. An attorney should not go into court knowing that he may be sued by the other side's attorney for something he does in the course of representing his client; such a policy would favor *tentative* representation, not the *zealous* representation that our profession rightly regards as an ideal and that the public has a right to expect that policy would dilute the vigor with which Texas attorneys represent their clients, which would not be in the best interests of justice.

*Id.* at 72.

As to liability on the part of the client for the alleged wrongful conduct of his attorney, the court held:

Unless a client is implicated in some way other than merely being represented by the attorney alleged to have committed the intentional wrongful conduct, the client cannot be liable for the attorney's conduct. A contrary holding would in effect obligate clients to monitor the actions taken by their attorneys when their attorneys are representing them, and require the clients to seize the helm of their representation at the slightest hint of intentional wrongful conduct.

*Id.* at 76–77.

■ Appellant does not dispute the appellee's right to summary judgment on this theory in his brief. Appellant did not attack this ground for summary judgment in his response to their motions for summary judgment in the trial court. Appellees have proved that appellant has no recognizable cause of action under any of the twenty-one theories pleaded in his fifth amended original petition. We find that appellant has no recognizable cause of action against appellees because he has no right of recovery against appellees or their attorneys for the conduct of the appellees' attorneys in discharging their duties while representing appellees in a lawsuit in which appellant also represented a party. *Bradt,* 892 S.W.2d at 72. We overrule appellant's point of error one.

■ The order granting summary judgment did not specify the grounds upon which the trial court granted it and we will affirm the judgment if any one of the theories advanced in the motion for summary judgment is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). All appellees asserted as a ground for

their motions for summary judgment the lack of a recognizable cause of action of appellant based on the *Bradt* decision cited in this opinion. We find this ground meritorious and do not address appellant's remaining sub-point of error concerning limitations.

The judgment of the trial court is affirmed.