Peyton McKNIGHT, Appellant,

v.

RIDDLE & BROWN, P.C., Appellee.

No. 12–92–00316–CV.

Court of Appeals of Texas,
Tyler.

April 29, 1994.

Rehearing Denied June 20, 1994.

Joe K. Longley, Austin, for appellant.

Emil Lippe, Jr., Dallas, for appellee.

**60**

HOLCOMB, Justice.

This appeal is taken from a summary judgment. Appellant sued to recover under an insurance policy. The insurance carriers' legal counsel, Riddle & Brown (Appellee), was joined in the suit by Appellant under four theories that Riddle & Brown conspired with the carrier to injure Appellant. Riddle & Brown moved for summary judgment, the motion was granted, and this appeal was perfected. We will reverse and remand.

Appellant owned a horse that was insured for $200,000.00. When the horse died in June of 1986, Appellant filed a claim against the policy. The insurance carriers delayed paying the full amount. In July, 1987, Appellant wrote a demand letter to the carriers as a last step before filing suit. Despite internal correspondence indicating that the carriers believed Appellant's claim was correct, the carriers decided in July of 1987 to employ Appellee to file declaratory judgment actions in federal court to determine the ownership and value of the horse. The federal actions were concluded in January, 1990, finding that Appellant owned the horse, that its value was $200,000.00, and that the carriers acted in bad faith.

Appellant filed this suit in September, 1987, while the federal action was pending. Appellee moved for summary judgment in June, 1989. Appellant's fourth amended petition, filed on January 24, 1992, was at issue during the hearing on the motion for summary judgment on February 21, 1992. In his fourth amended petition Appellant alleged that Riddle & Brown had conspired with the carriers to accomplish an unlawful purpose or a lawful purpose by unlawful means by (1) violating the DECEPTIVE TRADE PRACTICES ACT, (2) violating the INSURANCE CODE, (3) breaching the duty of good faith and fair dealing in an insurance agreement, and (4) negligence. Appellee moved for summary judgment on two grounds: (1) that it could negate at least one element of the cause of action,[1] and (2) that McKnight could not produce any evidence to show any unlawful act.[2] In his response, Appellant, the non-movant, objected that the summary judgment evidence was conclusory and self-serving, and he presented an extensive list of facts which were still contested. The trial court granted the summary judgment.

■ On appeal, Appellee first argued that this Court did not have jurisdiction because Appellant failed to timely perfect his appeal. The summary judgment was granted on February 21, 1992. Appellee was granted a nonsuit on its counterclaim on July 14, 1992. The trial court did not sign a final judgment until August 28, 1992, when he disposed of all issues in the case. Because the summary judgment did not dispose of all issues, Appellee's nonsuit did not act to make that order final and appealable. *Cf., Merrill Lynch Relocation Management v. Powell,* 824 S.W.2d 804, 806 (Tex.App.—Houston [14th Dist.] 1992) (orig. proceeding). Appellant perfected his appeal within thirty (30) days from the signing of the final judgment, giving this Court jurisdiction of the appeal. TEX. R.APP.P. 41.

■ In reviewing a summary judgment, the appellate court must look to the response of the non-movant to see if specific facts at issue were brought to the attention of the trial court. *University of Texas Health Science Center v. Big Train Carpet of El Campo, Inc.,* 739 S.W.2d 792 (Tex.1987). If the non-movant has not brought forth a material issue of genuine fact, the appellate court must look to the evidence before the trial court to see that each ground specifically presented to the trial court is proved as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979). All evidence is to be construed in favor of the non-movant, to whom every reasonable inference is allowed, and in whose behalf all doubts are resolved. *El Chico v. Poole,* 732 S.W.2d 306 (Tex.1987). The bur-

---

1. Plaintiff contends that the [insurance company's internal] letters constitute actionable fraud however, defendant would show that it is entitled to summary judgment thereon as a matter of law because at least one element of plaintiff's cause of action can be negated.

2. Plaintiff therefore cannot adduce any evidence showing that defendant committed any overt act which can be deemed unlawful, which effectively negates one essential element of this cause of action for conspiracy.

den is on the movant to establish as a matter of law that there is no genuine issue of material fact as to the relief sought. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex. 1970); *Karcher v. Bousquet,* 672 S.W.2d 289, 293 (Tex.App.—Tyler 1984 writ ref'd n.r.e.). This means that the movant must disprove at least one element of each cause of action as a matter of law.

■ Unlike the burden of proof at a trial on the merits, the burden of proof weighs heavily on a movant in a motion for summary judgment. Summary judgment is a stern measure used only to eliminate issues that can be determined as a matter of law. Because of its severity, the rule "must be applied as written." *McConnell v. Southside I.S.D.,* 858 S.W.2d 337 (Tex.1993). Thus, Appellee had to prove as a matter of law that McKnight could not produce evidence of civil conspiracy, the grounds for Appellee's summary judgment. To meet this burden, Appellee attached two affidavits stating that the attorneys who performed the work for Riddle & Brown knew of no unlawful act and did not conspire against Appellant. We have ruled that this does not constitute summary judgment evidence because:

> [t]he very essence of a conspiracy is secret intent of the co-conspirators.... The affidavits are, in essence, self-serving statements of interested parties of what they knew and intended. In the context of a conspiracy, we believe such issues of intent and knowledge of alleged co-conspirators are not susceptible of being readily controverted and are best left to the determination of the trier of fact.

*Bankers Commercial Life Ins. Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.).

Apart from the affidavits, the motion for summary judgment included as summary judgment evidence the complaint and order from the federal action, as well as portions of McKnight's deposition. This was Riddle & Brown's only evidence to establish, as a matter of law, that it was entitled to judgment. In their brief, Riddle & Brown argues that it could not be held liable for fraud by representing its client, and that McKnight failed to plead one of the elements of fraud.

McKnight had pled conspiracy without specifying fraud as one of the unlawful acts. Further, Riddle & Brown's brief argues that the pleadings were defective, that McKnight had no standing to sue under the D.T.P.A., and that the INSURANCE CODE was not applicable to the attorneys representing a client. *But none of these contentions are raised in the motion for summary judgment.*

Riddle & Brown also argue that *McConnell* is not applicable since the trial court allowed extensive supplementation to the evidence and briefs, and all parties knew what the grounds for the motion were. We disagree. *McConnell* stands for the proposition that the party moving for a summary judgment action must follow Rule 166a to the letter. *McConnell,* 858 S.W.2d at 341. The results are too drastic to take any other course of action; nor, with existing word processing technology, does it seem burdensome to require that the grounds for the motion be set out in the motion itself, no matter how extensively "referenced" the matters may be. That is the rule and the requirement of *McConnell. Id.*

In five reply points, Riddle & Brown argues that McKnight failed to state a cause of action because Riddle & Brown was not governed by the statutory language of the INSURANCE CODE or the D.T.P.A., and that it therefore owed no duty to McKnight. In reply point eight, Riddle & Brown argue that the state court action was precluded under the doctrine of *res judicata* because of the judgment in the federal action. By these reply points, Riddle & Brown asks that this Court affirm the trial court on any grounds that may be proper, even if it failed to notify McKnight of those grounds through a proper motion for summary judgment, even while in the motion for summary judgment assuming that it had such a duty to McKnight.

■ Texas has long held that while an attorney is authorized to practice his profession without making himself liable for damages, *Kruegel v. Murphy,* 126 S.W. 343, 345 (Tex.Civ.App.—1910, writ ref'd), where an attorney acting for his client participates in fraudulent activities, his action is "foreign to the duties of an attorney." *Poole v. Houston*

& *T.C. Ry,* 58 Tex. 134, 137 (1882); *Likover v. Sunflower Terrace II, Ltd.,* 696 S.W.2d 468, 472 (Tex.App.—Houston [1st Dist.] 1985, no writ). Whether the activities of Riddle & Brown gave rise to a duty under the statutes pled by McKnight may be a proper issue for summary judgment or a plea of special exception. *However, unless such grounds are specifically stated in the motion for summary judgment, it is error for either the trial court or this Court to consider them when judging the merits of the motion for summary judgment. McConnell,* 858 S.W.2d at 343. Appellee's argument that the state claim is barred by the decision in the federal case similarly can not be considered, since it was not one of the grounds in the motion for summary judgment. *Id.*

By reply point nine, Appellee argues that "McKnight failed to present alleged fact issues or other specific grounds specifically to the trial court, as required by Rule 166a(c), [TEX.R.CIV.P.], and therefore failed to preserve error." In his response, Appellant pointed out that the statements attached to the motion for summary judgment were not summary judgment evidence, and he made specific references to facts still in controversy. While only the form of an affidavit may be waived if not brought to the trial court's attention, Appellant objected to Appellee's affidavits on substantive grounds which are not waived on appeal. TEX.R.CIV.P. 166a(f).

Summary judgment is not proper when the movant failed to establish the grounds for summary judgment as a matter of law and the non-movant has set forth issues of fact. *Big Train Carpet,* 739 S.W.2d at 797; *Clear Creek,* 589 S.W.2d at 678. The movant, Riddle & Brown, simply has not tendered the uncontroverted evidence necessary to entitle it to summary judgment on the grounds presented in its motion for summary judgment.

The judgment of the trial court is **reversed and the case is remanded for further proceedings in accordance with this opinion.**