NUMBER 13-00-529-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


WEILI Z. PANOZZO, INDIVIDUALLY AND AS MANAGING CONSERVATOR OF PIERANGELA 

PANOZZO AND PIERCARLO PANOZZO , Appellant,


v.

RENE OLIVEIRA, INDIVIDUALLY AND ROERIG, OLIVEIRA & FISHER, L.L.P. , Appellees.

___________________________________________________________________


On appeal from the 138th District Court

of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


Appellant, Weili Panozzo, appeals two summary judgment orders dismissing her causes of action against appellees, Rene
Oliveira (Oliveira) and Roerig, Oliveira & Fisher, L.L.P. (Roerig). By four issues, appellant generally contends that the
trial court erred in granting appellees' summary judgments on her claims for (1) violations of chapter 42 in the Texas
Family Code, (2) fraud, (3) conspiracy to commit fraud, (4) conspiracy to interfere with a possessory interest in children,
(5) negligence, (6) gross negligence, (7) negligence per se, and (8) intentional infliction of emotional distress. We affirm.

Appellant and her former husband, Pierangelo Panozzo (Panozzo), were granted a divorce in August, 1994. Panozzo was
represented by Oliveira, an attorney with the Roerig law firm. Panozzo appealed the divorce decree to this Court,
contending that the trial court abused its discretion in denying him any visitation rights with his children. See Panozzo v.
Panozzo, 904 S.W.2d 780, 783 (Tex. App.-Corpus Christi 1995, no writ). We reversed the visitation order, noting "[i]f the
court believed that Husband would remove the children from the court's jurisdiction and not return them, the court could
have constructed an order to manage that potential problem." Id. at 784. Pursuant to our holding, the trial court ordered, in
part:

(1) Panozzo was to be accompanied by a representative of Roerig on each occasion that he picked up and returned his
children from periods of possession;

(2) Until such time that Panozzo surrendered the children's passports to the court, he was ordered to surrender his own
passport to the representative of Roerig prior to picking up the children for a period of possession and would not regain his
passport until the children had been returned to appellant;

(3) Panozzo was ordered to tender the children's passports to the court; and

(4) Panozzo was enjoined from removing the children from the State of Texas.

On November 17, 1995, Panozzo took possession of the children. Panozzo was to keep them until November 26, 1995. 
However, they were not returned and appellant learned that they were in Italy with Panozzo. On December 3, 1995,
appellant's daughter was returned. Appellant's son was not returned. On December 7, 1995, the trial court found Panozzo
in contempt of court for taking the children to Italy, failing to surrender his passport to Roerig, failing to surrender the
children's passports to the court, and failing to return the children to appellant as ordered. The court ordered the return of
appellant's son, assessed fines against Panozzo, and sentenced him to four months in the Cameron County jail. On January
9, 1996, a United States Magistrate issued an arrest warrant and Panozzo was charged with international parental
kidnapping. On March 4, 1996, appellant filed a grievance against Oliveira, which was subsequently dismissed by the
State Bar of Texas. On June 9, 1996, Panozzo was arrested in Germany and appellant's son was returned. On October 3,
1997, appellant filed suit against Panozzo and appellees. One summary judgment was granted in favor of appellees on
February 22, 2000, and on July 18, 2000, a second summary judgment was granted on the remaining issues. This appeal
ensued.

Before the merits of this appeal are examined, we must address appellees' contention that appellant has not perfected her
appeal from the February 22, 2000 summary judgment. Appellees urge that appellant has only perfected her appeal of the
causes of action ruled on in the July 18, 2000 summary judgment because her notice of appeal and amended notice of
appeal refer only to the July 18, 2000 summary judgment order. 

Although appellant's claims were disposed of by two summary judgments on February 22, 2000 and July 18, 2000, the
actual final judgment was entered on September 8, 2000. Rule 25.1(d)(2) of the Texas Rules of Appellate Procedure only
requires that the notice of appeal state the date of the judgment or the order appealed from. Tex. R. App. P. 25.1(d)(2). In
her amended notice of appeal, even though appellant only referred to the July 18, 2000 summary judgment, she included
the final judgment date of September 8, 2000. Therefore, appellant has properly appealed both summary judgments.

In a motion for summary judgment, the moving party must establish that there is no genuine issue as to any material fact
and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). In
order to prevail on such motion, the moving party must either disprove at least one element of each cause of action, or
plead and conclusively establish each essential element of an affirmative defense. See Randall's, 891 S.W.2d at 644; Black
v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990). If the moving party has established his or her right to summary
judgment, the burden shifts to the non-moving party to present evidence that would raise a genuine issue of material fact. 
See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

Additionally, a party may move for a no-evidence summary judgment after there has been adequate time for discovery. 
Tex. R. Civ. P. 166a(i). In a no-evidence motion for summary judgment, the moving party must state the elements as to
which there is no evidence. Id. The court must grant the motion unless the non-moving party produces evidence raising a
genuine issue of material fact. Id.; Saenz v. S. Union Gas Co., 999 S.W.2d 490, 493 (Tex. App.-El Paso 1999, pet. denied). 
The evidence presented by the non-moving party only has to be more than a scintilla to show a genuine issue of material
fact. Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.-Houston [1st
Dist.] 1999, no pet.).

In any motion for summary judgment, we must accept as true evidence in favor of the non-moving party, indulging every
reasonable inference and resolving all doubts in her favor. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997); Randall's, 891 S.W.2d at 644.

In this case, appellees' motions for summary judgments requested relief based on both rule 166(a)(c), the traditional
summary judgment rule, and rule 166(a)(i), the no-evidence summary judgment rule. The trial court granted judgment
against appellant without stating the grounds upon which the summary judgment was granted. When a summary judgment
motion is granted on unspecified grounds, this Court will affirm the judgment upon any theory presented in the motion that
establishes a right to judgment as a matter of law. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993).

By her first issue, appellant contends the trial court erred in granting summary judgment on her claims of violations of
chapter 42 of the Texas Family Code. Section 42.003 of the Texas Family Code states that a person who aids or assists in
the interference of a person's possessory interest in a child is jointly and severally liable. See Tex. Fam. Code Ann. §
42.003(a) (Vernon 1996). Appellant argues that by allowing Panozzo to take possession of his children without first
obtaining his passport, appellees aided and assisted Panozzo in conduct which interfered with appellant's possessory
interest in her children.

Appellees contend they were under no duty to act under the court's temporary order. (1) They argue that Panozzo was
ordered to surrender his passport to them and that they were not ordered to act in any way. This is true. However, section
42.003 does not limit liability for aiding or assisting in an abduction to parties who violate a court order. See Tex. Fam.
Code Ann. §§ 42.002, 42.003 (Vernon 1996). The statute specifically provides: [a] person who aids or assists in conduct
for which a cause of action is authorized by this chapter is jointly and severally liable for damages. Id. at § 42.003(a)
(emphasis added). Therefore, even if the temporary orders did not impose a duty on appellees, they can be liable for aiding
and assisting Panozzo in his conduct in violation of the order. The evidence relied on by appellant to prove appellees aided
and assisted in Panozzo's conduct is the court finding that Panozzo took the children without first surrendering his passport
to appellees. This, however, does not show that appellees allowed Panozzo to take the children, or that they had any
knowledge of Panozzo's plan to abduct the children. See Lozano v. Lozano, 52 S.W.3d 141, 157 (Tex. 2001) (Hecht, J.,
concurring in part & dissenting in part). Furthermore, there is no evidence to show an overt act or affirmative course of
action taken by any appellee to aid or assist Panozzo with the abduction. See A.H. Belo Corp. v. Corcoran, 52 S.W.3d 375,
382 (Tex. App.-Houston [1st Dist.] 2001, no pet.). We find appellant's evidence insufficient to raise a genuine issue of
material fact as to her chapter 42 claim. Appellant's first issue is overruled. 

In her second issue, appellant argues that the trial court erred when it granted summary judgment on her claims of fraud,
conspiracy to commit fraud, and conspiracy to interfere with a possessory interest in children.

The elements of common law fraud are: (1) a material representation was made; (2) the representation was false; (3) when
the representation was made, the speaker knew it was false or made recklessly without any knowledge of the truth and as a
positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party
acted in reliance upon the representation; and (6) the party suffered injury. Johnson & Higgins of Tex., Inc. v. Kenneco
Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). In claiming fraud, appellant alleges that the material misrepresentation
occurred when appellees "undertook an affirmative course of action as set forth in the September 29, 1995, Orders, and
further affirmed that action by signing off on the orders." The September 29, 1995 orders are the temporary orders requiring
Panozzo to surrender his passport to Roerig before taking possession of the children.

Oliveira's signature at the end of the temporary order is no evidence of a misrepresentation. It merely shows he approved
the form of the order. (2) Appellant has failed to support her claim of fraud. The trial court correctly granted summary
judgment on this cause of action.

Appellant also alleges that appellees conspired to commit fraud and conspired to interfere with appellant's possessory
rights. Civil conspiracy requires two or more persons who agree upon an object, a meeting of minds on the object to be
accomplished, and one or more overt, unlawful acts committed in furtherance of the conspiracy which results in damages. 
See, e.g., Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 583 (Tex. 2001); Weakley v. East, 900 S.W.2d
755, 758-59 (Tex. App.-Corpus Christi 1995, writ denied). In addition, civil conspiracy requires specific intent to agree to
accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Juhl v. Airington, 936 S.W.2d 640,
644 (Tex. 1996); Corcoran, 52 S.W.3d at 384. Fraud is the unlawful purpose or means that forms the basis of appellant's
first conspiracy allegation. We have already held that the trial court did not err in granting appellees' summary judgment on
appellant's fraud claim. Because appellant's conspiracy claim is premised on appellees alleged fraud, our conclusion on the
fraud issue disposes of this claim. See Ernst & Young, L.L.P., 51 S.W.3d at 583. Further, appellant has produced no
evidence that supports her contention that Panozzo and appellees entered into a conspiracy to interfere with her possessory
interest. Specifically, appellant has produced no evidence that shows appellees had intent or an agreement with Panozzo to
violate section 42.003 of the family code. Appellees cannot be liable for conspiracy to interfere with one's possessory
interest without evidence of these elements. See id. Appellant relies on McKnight v. Riddle & Brown, P.C., 877 S.W.2d
59, 61 (Tex. App.-Tyler 1994, writ denied), in its holding that issues such as intent and knowledge of alleged
co-conspirators are not susceptible to being readily controverted and are best left to the determination of the trier of fact. 
Id. However, McKnight dealt with a traditional summary judgment where the initial burden was on the movant of the
summary judgment. See id. In this case, appellees requested a no-evidence summary judgment on these causes of action. 
Therefore, the court must grant the motion unless appellant produces evidence raising a genuine issue of material fact. See
Tex. R. Civ. P. 166a(i). Because appellant failed to present evidence to support these causes of action, the trial court
properly granted summary judgment on these claims. Accordingly, appellant's second issue is overruled.

In her third issue, appellant contends the trial court erred in granting summary judgment on her claims of negligence, gross
negligence, and negligence per se. 

The elements of a negligence cause of action are: (1) a legal duty; (2) breach of that duty; and (3) damages proximately
resulting from the breach. Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998); San Benito Bank & Trust Co. v.
Landair Travels, 31 S.W.3d 312, 317 (Tex. App.-Corpus Christi 2000, no pet.). The existence of a duty is a threshold
question of law. Van Horn, 970 S.W.2d at 544; St. John v. Pope, 901 S.W.2d 420, 424 (Tex. 1995). Appellant relies on
the concurring opinion in Weirich v. Weirich, 833 S.W.2d 942, 950 (Tex. 1992), where Justice Doggett held that "[the
children's grandmother] owed [the mother] the duty not to assist in the children's kidnapping, a legal duty on which chapter
thirty-six of the Family Code is based. . . ." Id. Weirich is distinguishable. In Weirich, the abducted child's grandmother
testified that she would notify the court and the plaintiff's attorneys if she learned of the children's location. Id. at 945. At
trial, the evidence showed that the grandmother knew of the children's location but failed to inform the court or the mother's
attorneys. Id. In holding there was legally sufficient evidence that the grandmother aided and assisted in concealing the
whereabouts of the children, the supreme court stated: "By swearing in open court, [the grandmother] assumed an
affirmative duty to notify [the mother's] attorneys or the court if she discovered the whereabouts of the children." Id. This
holding, however, did not reach the merits of whether there is a common-law negligence cause of action for the interference
of a possessory right. See id. at 946. Appellant does not cite any authority, and we find none, that establishes a
common-law duty that would support a negligence cause of action in this instance. (3) Therefore, because appellant cannot
prove an essential element of this cause of action, the trial court was correct in granting the summary judgment on
appellant's negligence and gross negligence claims. See Tex. R. Civ. P. 166a(c). Further, because we have determined that
appellees did not violate chapter 42 of the family code as a matter of law, appellant's negligence per se claim has no merit. 
See Moughon v. Wolf, 576 S.W.2d 603, 604 (Tex. 1978) (holding generally that to maintain a negligence per se cause of
action, one has the burden of proving a statutory violation); Corcoran, 52 S.W.3d at 383 (holding that section 42.003 of the
family code was not violated, therefore, the negligence per se cause of action had no merit). Accordingly, appellant's third
issue is overruled.

Finally, appellant contends in her fourth issue that the trial court erred in granting a summary judgment on her intentional
infliction of emotional distress cause of action.

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that "(1) the defendant acted
intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the
plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000) (citing Randall's, 891 S.W.2d at 644). A claim for intentional infliction of emotional distress
will not lie if emotional distress is not intended or the primary consequence of the defendant's conduct. GTE Southwest,
Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999). The fact that conduct is allegedly intentional, malicious, or even criminal
does not mean that it is extreme or outrageous for purposes of imposing liability for intentional infliction of emotional
distress. Brewerton v. Dalrymple, 997 S.W.2d 212, 215-16 (Tex. 1999). Extreme and outrageous conduct is conduct that
goes beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized
community. Morgan, 27 S.W.3d at 929; Wornick Co. v. Casas, 856 S.W.2d 732, 734 (Tex. 1993). Appellant presents no
evidence that appellees acted in any way that could be deemed extreme or outrageous. (4) Therefore, appellant has failed to
produce evidence of an essential element of this cause of action. Accordingly, appellant's fourth issue is overruled.

The judgment of the trial court is affirmed. 

NELDA V. RODRIGUEZ

Justice


Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 7th day of February, 2002.

 

1. Because of our holding on this issue, we do not need to address appellees' affirmative defense of attorney immunity. 
Further, we will not address their affirmative defense of "derived judicial immunity" because it was not raised in their
summary judgment motion. See McConnell v. Southside I.S.D., 858 S.W.2d 337, 341 (Tex. 1993).

2. Oliveira's signature was signed, with permission, by an agent on the last page of the temporary order, under the title
"approved as to form only."

3. Section 42 is a statutory cause of action for aiding and assisting in the interference of a person's possessory right. 
Section 700 of the Restatement 2d of Torts deals with a common-law cause of action for "one who, with knowledge that
the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent entitled to custody or
not to return to the parent after it has been left him, is subject to liability to the parent." RESTATEMENT (SECOND) OF
TORTS § 700 (1977). We find that this common-law cause of action does not pertain to the facts of this case.

4. The Restatement (Second) of Torts states that conduct that fits this description is such that "the recitation of facts to an
average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"
RESTATEMENT (SECOND) OF TORTS § 46, cmt. d (1965).