# NO. 12-09-00269-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *YAKOV ELMAKISS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *KAREN G. HUGHES, ESQ.,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Yakov Elmakiss, pro se, appeals the trial court's summary judgment in a lawsuit he brought against Karen G. Hughes. In five issues, Elmakiss argues that the trial court should not have granted the summary judgment. We affirm.

### BACKGROUND

Elmakiss brought a civil lawsuit against Hughes, complaining of her conduct during her representation of Elmakiss's ex-wife in their divorce action. Hughes moved for traditional summary judgment on the ground that no cause of action existed in relation to her conduct on behalf of the ex-wife, who had been adverse to Elmakiss in the divorce action. The trial court granted summary judgment. This appeal followed.

### SUMMARY JUDGMENT

In five issues, Elmakiss asserts that the trial court erred by granting summary judgment against him.

**Standard of Review**

Rule 166a(c) governs traditional motions for summary judgment and provides as follows:

**Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. . . . The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

TEX. R. CIV. P. 166a(c).

We review a trial court's granting of summary judgment de novo. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). When performing a de novo review, we exercise our own judgment and redetermine each issue of fact and law. *See Schade v. Tex. Workers' Comp. Comm'n*, 150 S.W.3d 542, 549 (Tex. App.–Austin 2004, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999)). In an appeal of a summary judgment proceeding, our review is a limited one. "Issues not *expressly* presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c) (emphasis added). When reviewing a summary judgment, courts of appeals should consider all summary judgment grounds ruled on by the trial court and preserved for appellate review that are necessary for final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). Further, an appellate court may, in the interest of judicial economy, consider other grounds that the movant preserved for review, despite the fact that the trial court did not rule on them. *Id.*

When reviewing a ruling on a traditional motion for summary judgment, we must examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824-25 (Tex. 2005)). For a party to prevail on a traditional motion for summary judgment, it must conclusively establish the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A fact is "material" if it affects the ultimate outcome of the lawsuit under the governing law. *Acad. of Skills & Knowledge, Inc. v. Charter Sch., USA, Inc.*, 260 S.W.3d 529, 535 (Tex. App.–Tyler 2008, pet. denied); *Pierce v. Wash. Mut. Bank*, 226 S.W.3d 711, 714 (Tex. App.–Tyler 2007, pet. denied). A material fact issue is "genuine" if the evidence is such that a reasonable jury

could find the fact in favor of the nonmoving party. *Acad. of Skills*, 260 S.W.3d at 535; *Pierce*, 226 S.W.3d at 714.  Evidence is conclusive only if reasonable and fair minded jurors could not differ in their conclusions. *Acad. of Skills*, 260 S.W.3d at 535 (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755-56 (Tex. 2007)).  Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any matters that would preclude summary judgment. *Acad. of Skills*, 260 S.W.3d at 535; *Pierce*, 226 S.W.3d at 714.

The trial court determines a motion for summary judgment based on the "pleadings [. . .] on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." *See Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 361 (Tex. App.–Dallas 2009, pet. denied) (quoting TEX. R. CIV. P. 166a(c)).  Ordinarily, a summary judgment cannot be based entirely upon the failure of a plaintiff to state a cause of action unless the defendant levels a special exception identifying the deficiency, thus affording the plaintiff an opportunity to amend his pleading to state a cause of action. *Denson v. Tex. Dep't Crim. Justice–Institutional Div.*, No. 12-02-00099-CV, 2003 WL 21254862, at *3 (Tex. App.–Tyler May 30, 2003, no pet.) (mem. op.) (citing *In re B.I.V.*, 870 S.W.2d 12, 13-14 (Tex. 1994)).  However, an order granting summary judgment on the pleadings, when the defendants did not specially except before moving for judgment as a matter of law, is not reversible error in every instance. *Denson*, 2003 WL 21254862, at *3 (citing *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971)).

"Pleadings may contain judicial admissions through which a party pleads himself out of court." *Denson*, 2003 WL 21254862, at *3.  Summary judgment is proper when the plaintiff pleads facts that affirmatively negate his cause of action. *Id.*  Similarly, if the pleading deficiency is of the type that cannot be cured by an amendment, a special exception is unnecessary and a summary judgment based on the pleading's failure to state a legal claim is appropriate. *Id.*  When a party's pleadings contain statements admitting facts or conclusions directly contrary to the party's theory of recovery or defense, the pleadings may constitute summary judgment proof for the opposing party. *Ball v. Neel*, No. 12-03-00205-CV, 2004 WL 1475106, at *2 (Tex. App.—Tyler June 30, 2004, no pet.) (mem. op.).  The pleadings are not evidence. *Id.*  Instead, the court assumes the facts in the nonmovant's pleadings are true. *Id.*

3

**Applicable Law**

Over 100 years ago, the Texas Supreme Court held that private "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App.–Dallas 1910, writ ref'd); *see McKnight v. Riddle & Brown, P.C.*, 877 S.W.2d 59, 61 (Tex. App.–Tyler 1994, writ denied). In the context of legal malpractice claims, the court has more recently explained that, at common law, an attorney owes a duty of care only to her client, not to third parties who may have been damaged by the attorney's negligent representation of the client. *Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996). At common law, the rule of privity limits attorney liability to third parties. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999). The general rule is that persons who are not in privity with the attorney cannot sue the attorney for legal malpractice. *Id.* "Without this 'privity barrier,' the rationale goes, clients would lose control over the attorney-client relationship, and attorneys would be subject to almost unlimited liability." *Barcelo*, 923 S.W.2d at 577; *see Chu v. Hong*, 249 S.W.3d 441, 446 n.18 (Tex. 2008).

Supreme court precedent indicates this rule also applies to other private causes of action against a private attorney for matters related to that attorney's practice of her profession on behalf of an adverse party. *Kruegel*, 126 S.W. at 345; *McKnight*, 877 S.W.2d at 60-61. As one of our sister courts has explained,

> [a]n attorney may assert any of [her] client's rights without being personally liable for damages to the opposing party. An attorney's duties that arise from the attorney-client relationship are owed only to the client, not to third persons, such as adverse parties. . . . They have not retained the attorney, the attorney has not rendered them any services, and no privity of contract exists between them and the attorney. . . . They have no right of action against the attorney for any injuries they suffer because of the attorney's fault in performing duties owed only to the client.

*White v. Bayless*, 32 S.W.3d 271, 275-76 (Tex. App.–San Antonio 2000, pet. denied). In short, private attorneys owe no duty to adverse litigants. *See id.* at 276 (finding attorney owed no duty to opposing party); *Mitchell v. Chapman*, 10 S.W.3d 810, 811 (Tex. App.–Dallas 2000, pet. denied) (same).

This rule is based upon sound policies and is vital to our adversary system of justice. *See Toles v. Toles*, 113 S.W.3d 899, 910 (Tex. App.–Dallas 2003, no pet.). If an attorney could be

4

held liable for statements made, or actions taken, in the course of representing her client, she would be forced to balance her own potential exposure against her client's best interest. *See id.* "Any other rule would act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of [her] case if [her] attorney were subject to the threat of liability for defending [her] client's position to the best and fullest extent allowed by law, and availing [her] client of all rights to which [she] is entitled." *See Toles*, 113 S.W.3d at 910; *see also Renfroe v. Jones & Assocs., P.C.*, 947 S.W.2d 285, 288 (Tex. App.–Fort Worth 1997, pet. denied). The public has an important interest in loyal and aggressive representation by the legal profession. *See Toles*, 113 S.W.3d at 910; *Renfroe*, 947 S.W.2d at 288.

Accordingly, attorneys are generally not liable to an opposing party for their conduct in representing their clients, even if that conduct is wrongful. *See Toles*, 113 S.W.3d at 910; *Renfroe*, 947 S.W.2d at 288. As the Dallas court has explained, "an attorney's conduct, even if frivolous or without merit, is not actionable as long as the conduct was part of the discharge of the lawyer's duties in representing . . . her client." *See Toles*, 113 S.W.3d at 910-11; *see also Renfroe*, 947 S.W.2d at 288. This rule focuses on the type of conduct the attorney was engaged in, not on whether the attorney's conduct was meritorious. *See Toles*, 113 S.W.3d at 910; *White*, 32 S.W.3d at 276; *Renfroe*, 947 S.W.2d at 288. For example, there is no right of recovery against an attorney for filing motions in a lawsuit, even if they were frivolous or without merit, "because making motions is conduct an attorney engages in as part of the discharge of [her] duties in representing a party in a lawsuit." *See Toles*, 113 S.W.3d at 910; *see also White*, 32 S.W.3d at 276.

This exception to liability does not apply when an attorney engages in acts that "are entirely foreign to the duties of an attorney." *Poole v. Houston & Tex. Cent. Ry. Co.*, 58 Tex. 134, 137-38 (1882); *see Toles*, 113 S.W.3d at 910 (attorneys are charged with the duty of zealously representing their clients within the bounds of the law); *Renfroe*, 947 S.W.2d at 288 (same). An attorney's participation in "fraudulent activities" may constitute actions "foreign to the duties of an attorney." *McKnight*, 877 S.W.2d at 61. And an attorney is not protected from liability when her actions constitute a negligent misrepresentation in violation of section 552 of the Second Restatement of the Law of Torts. *McCamish*, 991 S.W.2d at 795; *see* RESTATEMENT (SECOND) OF TORTS § 552 (1977). Finally, "[a]n attorney's misconduct in litigation gives rise to remedies other than a separate action seeking damages from the attorney, which remedies are

5

properly administered in the case in which the misconduct occurred." *See Toles*, 113 S.W.3d at 911; *see also, e.g.,* TEX. GOV'T CODE ANN. § 21.002 (Vernon 2004); TEX. R. CIV. P. 13; TEX. R. CIV. P. 215; *Williams v. Akzo Nobel Chems., Inc.*, 999 S.W.2d 836, 843 (Tex. App.–Tyler 1999, no pet.).

**Discussion**

Hughes claimed in her motion for summary judgment that Elmakiss's live petition asserted a private civil action for her conduct relating to her representation of Elmakiss's ex-wife during their previous divorce action. A review of Elmakiss's petition demonstrates that Hughes is correct in her assertion. Likewise, the petition itself demonstrates that each complained of act was part of Hughes's direct performance of her duties as an attorney representing the ex-wife, a party adverse to Elmakiss. For example, the complained of acts include preparing draft court orders and a draft judgment, making representations to the trial court that Elmakiss disputed, and advocating positions adverse to Elmakiss's interests. Nowhere in the petition are there any allegations of acts that "are entirely foreign to the duties of an attorney." *See Poole*, 58 Tex. at 137-38; *McKnight*, 877 S.W.2d at 61. Likewise, the petition does not allege facts sufficient to assert a cause of action under section 552 of the Restatement. *See McCamish*, 991 S.W.2d at 795; *see also* RESTATEMENT (SECOND) OF TORTS § 552. Instead, Elmakiss's pleadings affirmatively negate any cause of action. *See Kruegel*, 126 S.W. at 345; *McKnight*, 877 S.W.2d at 60-61; *see also Denson*, 2003 WL 21254862, at *3 (summary judgment proper where plaintiff pleads facts that affirmatively negate cause of action).

Elmakiss asserts that he may bring a cause of action against Hughes under section 110.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 110.003 (Vernon 2005). That statute reads, in pertinent part, as follows:

**Religious Freedom Protected**

(a) Subject to Subsection (b), a government agency may not substantially burden a person's free exercise of religion.

(b) Subsection (a) does not apply if the government agency demonstrates that the application of the burden to the person:

(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that interest.

6

*Id.* "Government agency," as applicable here, is defined as "this state or a municipality or other political subdivision of this state; and . . . any agency of this state or a municipality or other political subdivision of this state, including a department, bureau, board, commission, office, agency, council, or public institution of higher education." TEX. CIV. PRAC. & REM. CODE ANN. § 110.001(a)(2) (Vernon 2005). Again, Elmakiss alleged in his pleadings that Hughes was "an individual and an attorney with an office in Smith County" who represented his ex-wife in a civil divorce action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 110.005(d) (Vernon 2005) ("A person may not bring an action for damages or declaratory or injunctive relief against an individual, other than an action brought against an individual acting in the individual's official capacity as an officer of a government agency."). His pleadings affirmatively negate a cause of action under section 110.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 110.003; *see also **Denson***, 2003 WL 21254862, at *3 (summary judgment proper where plaintiff pleads facts that affirmatively negate cause of action). We overrule Elmakiss's first through fifth issues.

## DISPOSITION

We ***affirm*** the judgment of the trial court. Hughes has, in her brief, moved for appellate sanctions. That motion is ***overruled***.

**SAM GRIFFITH**
Justice

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

7