NO. 12-09-00269-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

YAKOV ELMAKISS,                                                  
§                   APPEAL FROM THE 7TH

APPELLANT            

 

V.                                                                     
§                    JUDICIAL DISTRICT COURT

            

KAREN G. HUGHES, ESQ.,

APPELLEE                                                                §                     SMITH
COUNTY, TEXAS   







            MEMORANDUM
OPINION

            Yakov
Elmakiss, pro se, appeals the trial court’s summary judgment in a lawsuit he
brought against Karen G. Hughes.  In five issues, Elmakiss argues that the
trial court should not have granted the summary judgment.  We affirm.

 

Background

            Elmakiss
brought a civil lawsuit against Hughes, complaining of her conduct during her
representation of Elmakiss’s ex-wife in their divorce action.  Hughes moved for
traditional summary judgment on the ground that no cause of action existed in
relation to her conduct on behalf of the ex-wife, who had been adverse to
Elmakiss in the divorce action.  The trial court granted summary judgment. 
This appeal followed.

 

Summary Judgment

            In
five issues, Elmakiss asserts that the trial court erred by granting summary
judgment against him.

Standard
of Review

            Rule
166a(c) governs traditional motions for summary judgment and provides as
follows:

 

 

Motion and Proceedings Thereon.  The motion for summary judgment shall state the
specific grounds therefor. . . . The judgment sought shall be rendered
forthwith if (i) the deposition transcripts, interrogatory answers, and other
discovery responses referenced or set forth in the motion or response, and (ii)
the pleadings, admissions, affidavits, stipulations of the parties, and
authenticated or certified public records, if any, on file at the time of the
hearing, or filed thereafter and before judgment with permission of the court,
show that, except as to the amount of damages, there is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of
law on the issues expressly set out in the motion or in an answer or any other
response.

 

 

Tex. R. Civ. P. 166a(c).

            We
review a trial court’s granting of summary judgment de novo. Mid-Century
Ins. Co. of Tex. v. Ademaj, 243 S.W.3d 618, 621 (Tex. 2007).  When
performing a de novo review, we exercise our own judgment and redetermine each
issue of fact and law. See Schade v. Tex. Workers’ Comp. Comm’n,
150 S.W.3d 542, 549 (Tex. App.–Austin 2004, pet. denied) (citing Quick v.
City of Austin, 7 S.W.3d 109, 116 (Tex. 1999)).  In an appeal of a
summary judgment proceeding, our review is a limited one.  “Issues not expressly
presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal.” Tex. R. Civ. P. 166a(c) (emphasis added).  When reviewing a
summary judgment, courts of appeals should consider all summary judgment
grounds ruled on by the trial court and preserved for appellate review that are
necessary for final disposition of the appeal. Cincinnati Life Ins. Co.
v. Cates, 927 S.W.2d 623, 626 (Tex. 1996).  Further, an appellate court
may, in the interest of judicial economy, consider other grounds that the
movant preserved for review, despite the fact that the trial court did not rule
on them. Id.

            When
reviewing a ruling on a traditional motion for summary judgment, we must
examine the entire summary judgment record in the light most favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts
against the motion. Yancy v. United Surgical Partners Int’l, Inc.,
236 S.W.3d 778, 782 (Tex. 2007) (citing City of Keller v. Wilson,
168 S.W.3d 802, 824-25 (Tex. 2005)).  For a party to prevail on a traditional
motion for summary judgment, it must conclusively establish the absence of any
genuine issue of material fact and that it is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c). 
A fact is “material” if it affects the ultimate outcome of the lawsuit under
the governing law. Acad. of Skills & Knowledge, Inc. v. Charter Sch.,
USA, Inc., 260 S.W.3d 529, 535 (Tex. App.–Tyler 2008, pet. denied); Pierce
v. Wash. Mut. Bank, 226 S.W.3d 711, 714 (Tex. App.–Tyler 2007, pet.
denied).  A material fact issue is “genuine” if the evidence is such that a
reasonable jury could find the fact in favor of the nonmoving party. Acad.
of Skills, 260 S.W.3d at 535; Pierce, 226 S.W.3d at 714.  Evidence
is conclusive only if reasonable and fair minded jurors could not differ in
their conclusions. Acad. of Skills, 260 S.W.3d at 535 (citing Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755-56 (Tex. 2007)).  Once
the movant has established a right to summary judgment, the nonmovant has the
burden to respond to the motion for summary judgment and present to the trial
court any matters that would preclude summary judgment. Acad. of Skills,
260 S.W.3d at 535; Pierce, 226 S.W.3d at 714.

            The
trial court determines a motion for summary judgment based on the “pleadings [.
. .] on file at the time of the hearing, or filed thereafter and before
judgment with permission of the court.” See Spin Doctor Golf, Inc. v.
Paymentech, L.P., 296 S.W.3d 354, 361 (Tex. App.–Dallas 2009, pet.
denied) (quoting Tex. R. Civ. P.
166a(c)).  Ordinarily, a summary judgment cannot be based entirely upon the
failure of a plaintiff to state a cause of action unless the defendant levels a
special exception identifying the deficiency, thus affording the plaintiff an
opportunity to amend his pleading to state a cause of action.  Denson v.
Tex. Dep’t Crim. Justice–Institutional Div., No. 12-02-00099-CV, 2003
WL 21254862, at *3 (Tex. App.–Tyler May 30, 2003, no pet.) (mem. op.)
(citing In re B.I.V., 870 S.W.2d 12, 13-14 (Tex. 1994)).  However,
an order granting summary judgment on the pleadings, when the defendants did
not specially except before moving for judgment as a matter of law, is not
reversible error in every instance.  Denson, 2003 WL 21254862, at
*3 (citing Hidalgo v. Sur. Sav. & Loan Ass’n, 462 S.W.2d 540,
543 (Tex. 1971)).  

            “Pleadings
may contain judicial admissions through which a party pleads himself out of
court.”  Denson, 2003 WL 21254862, at *3.  Summary judgment is
proper when the plaintiff pleads facts that affirmatively negate his cause of
action.  Id.  Similarly, if the pleading deficiency is of the
type that cannot be cured by an amendment, a special exception is unnecessary
and a summary judgment based on the pleading’s failure to state a legal claim
is appropriate.  Id.  When a party’s pleadings contain statements
admitting facts or conclusions directly contrary to the party’s theory of
recovery or defense, the pleadings may constitute summary judgment proof for
the opposing party.  Ball v. Neel, No. 12-03-00205-CV, 2004 WL
1475106, at *2 (Tex. App.—Tyler June 30, 2004, no pet.) (mem. op.).  The
pleadings are not evidence.  Id.  Instead, the court assumes the
facts in the nonmovant’s pleadings are true.  Id.

 

 

Applicable
Law

            Over
100 years ago, the Texas Supreme Court held that private “attorneys are
authorized to practice their profession, to advise their clients and interpose
any defense or supposed defense, without making themselves liable for damages.”
 Kruegel v. Murphy, 126 S.W. 343, 345 (Tex. Civ. App.–Dallas
1910, writ ref’d); see McKnight v. Riddle & Brown, P.C., 877
S.W.2d 59, 61 (Tex. App.–Tyler 1994, writ denied).  In the context of legal
malpractice claims, the court has more recently explained that, at common law,
an attorney owes a duty of care only to her client, not to third parties who
may have been damaged by the attorney’s negligent representation of the client.
 Barcelo v. Elliott, 923 S.W.2d 575, 577 (Tex. 1996).  At common
law, the rule of privity limits attorney liability to third parties.  McCamish,
Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787,
792 (Tex. 1999).  The general rule is that persons who are not in privity with
the attorney cannot sue the attorney for legal malpractice.  Id.  “Without
this ‘privity barrier,’ the rationale goes, clients would lose control over the
attorney-client relationship, and attorneys would be subject to almost
unlimited liability.”  Barcelo, 923 S.W.2d at 577; see Chu
v. Hong, 249 S.W.3d 441, 446 n.18 (Tex. 2008).  

            Supreme
court precedent indicates this rule also applies to other private causes of
action against a private attorney for matters related to that attorney’s
practice of her profession on behalf of an adverse party.  Kruegel,
126 S.W. at 345; McKnight, 877 S.W.2d at 60-61.  As one of our
sister courts has explained,

 

 

[a]n attorney may assert any of [her] client’s rights
without being personally liable for damages to the opposing party.  An
attorney’s duties that arise from the attorney-client relationship are owed
only to the client, not to third persons, such as adverse parties. . . . They
have not retained the attorney, the attorney has not rendered them any
services, and no privity of contract exists between them and the attorney. . .
. They have no right of action against the attorney for any injuries they
suffer because of the attorney’s fault in performing duties owed only to the
client. 

 

 

White v.
Bayless, 32 S.W.3d 271, 275-76 (Tex. App.–San Antonio 2000, pet.
denied).  In short, private attorneys owe no duty to adverse litigants.  See
id. at 276 (finding attorney owed no duty to opposing party); Mitchell
v. Chapman, 10 S.W.3d 810, 811 (Tex. App.–Dallas 2000, pet. denied)
(same).  

            This
rule is based upon sound policies and is vital to our adversary system of
justice.  See Toles v. Toles, 113 S.W.3d 899, 910 (Tex. App.–Dallas
2003, no pet.).  If an attorney could be held liable for statements made, or
actions taken, in the course of representing her client, she would be forced to
balance her own potential exposure against her client’s best interest.  See id. 
“Any other rule would act as a severe and crippling deterrent to the
ends of justice for the reason that a litigant might be denied a full
development of [her] case if [her] attorney were subject to the threat of liability
for defending [her] client’s position to the best and fullest extent allowed by
law, and availing [her] client of all rights to which [she] is entitled.”  See
Toles, 113 S.W.3d at 910; see also Renfroe v. Jones &
Assocs., P.C., 947 S.W.2d 285, 288 (Tex. App.–Fort Worth 1997, pet.
denied).  The public has an important interest in loyal and aggressive
representation by the legal profession.  See Toles, 113 S.W.3d at
910; Renfroe, 947 S.W.2d at 288.

            Accordingly,
attorneys are generally not liable to an opposing party for their conduct in
representing their clients, even if that conduct is wrongful.  See Toles,
113 S.W.3d at 910; Renfroe, 947 S.W.2d at 288.  As the Dallas
court has explained, “an attorney’s conduct, even if frivolous or without
merit, is not actionable as long as the conduct was part of the discharge of
the lawyer’s duties in representing . . . her client.”  See Toles,
113 S.W.3d at 910-11; see also Renfroe, 947 S.W.2d at 288.  This
rule focuses on the type of conduct the attorney was engaged in, not on whether
the attorney’s conduct was meritorious.  See Toles, 113 S.W.3d at
910; White, 32 S.W.3d at 276; Renfroe, 947 S.W.2d
at 288.  For example, there is no right of recovery against an attorney for
filing motions in a lawsuit, even if they were frivolous or without merit,
“because making motions is conduct an attorney engages in as part of the
discharge of [her] duties in representing a party in a lawsuit.”  See Toles,
113 S.W.3d at 910; see also White, 32 S.W.3d at 276.  

            This
exception to liability does not apply when an attorney engages in acts that “are
entirely foreign to the duties of an attorney.”  Poole v. Houston &
Tex. Cent. Ry. Co., 58 Tex. 134, 137-38 (1882); see Toles,
113 S.W.3d at 910 (attorneys are charged with the duty of zealously
representing their clients within the bounds of the law); Renfroe,
947 S.W.2d at 288 (same).  An attorney’s participation in “fraudulent
activities” may constitute actions “foreign to the duties of an attorney.”  McKnight,
877 S.W.2d at 61.  And an attorney is not protected from liability when her
actions constitute a negligent misrepresentation in violation of section 552 of
the Second Restatement of the Law of Torts. McCamish, 991 S.W.2d at
795; see Restatement (Second) of
Torts § 552 (1977).  Finally, “[a]n attorney’s misconduct in litigation
gives rise to remedies other than a separate action seeking damages from the
attorney, which remedies are properly administered in the case in which the
misconduct occurred.”  See Toles, 113 S.W.3d at
911; see also, e.g., Tex. Gov’t
Code Ann. § 21.002 (Vernon 2004); Tex.
R. Civ. P. 13; Tex. R. Civ. P.
215; Williams v. Akzo Nobel Chems., Inc., 999 S.W.2d 836, 843
(Tex. App.–Tyler 1999, no pet.).

Discussion

            Hughes
claimed in her motion for summary judgment that Elmakiss’s live petition
asserted a private civil action for her conduct relating to her representation
of Elmakiss’s ex-wife during their previous divorce action.  A review of
Elmakiss’s petition demonstrates that Hughes is correct in her assertion.  Likewise,
the petition itself demonstrates that each complained of act was part of
Hughes’s direct performance of her duties as an attorney representing the
ex-wife, a party adverse to Elmakiss.  For example, the complained of acts
include preparing draft court orders and a draft judgment, making
representations to the trial court that Elmakiss disputed, and advocating
positions adverse to Elmakiss’s interests.  Nowhere in the petition are there
any allegations of acts that “are entirely foreign to the duties of an attorney.”
 See Poole, 58 Tex. at 137-38; McKnight, 877 S.W.2d
at 61.  Likewise, the petition does not allege facts sufficient to assert a
cause of action under section 552 of the Restatement.  See McCamish,
991 S.W.2d at 795; see also Restatement
(Second) of Torts § 552.  Instead, Elmakiss’s pleadings affirmatively
negate any cause of action.  See Kruegel, 126 S.W. at 345; McKnight,
877 S.W.2d at 60-61; see also Denson, 2003 WL 21254862, at *3 (summary
judgment proper where plaintiff pleads facts that affirmatively negate cause of
action). 

            Elmakiss
asserts that he may bring a cause of action against Hughes under section
110.003 of the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. §
110.003 (Vernon 2005).  That statute reads, in pertinent part, as follows:

 

Religious Freedom Protected

 

(a) Subject to Subsection (b), a government agency may
not substantially burden a person’s free exercise of religion.

 

(b) Subsection (a) does not apply if the government
agency demonstrates that the application of the burden to the person:

 

                (1) is in furtherance of a compelling
governmental interest; and 

                (2) is the least restrictive means of
furthering that interest.

 

 

Id.  “Government
agency,” as applicable here, is defined as “this state or a municipality or
other political subdivision of this state; and . . . any agency of this state
or a municipality or other political subdivision of this state, including a
department, bureau, board, commission, office, agency, council, or public institution
of higher education.”  Tex. Civ. Prac.
& Rem. Code Ann. § 110.001(a)(2) (Vernon 2005).  Again, Elmakiss
alleged in his pleadings that Hughes was “an individual and an attorney with an
office in Smith County” who represented his ex-wife in a civil divorce action.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 110.005(d) (Vernon 2005) (“A person may not bring an action for
damages or declaratory or injunctive relief against an individual, other than
an action brought against an individual acting in the individual’s official
capacity as an officer of a government agency.”).  His pleadings affirmatively
negate a cause of action under section 110.003.  See Tex. Civ. Prac. & Rem. Code Ann. §
110.003; see also Denson, 2003 WL 21254862, at *3 (summary
judgment proper where plaintiff pleads facts that affirmatively negate cause of
action).  We overrule Elmakiss’s first through fifth issues.

 

Disposition

            We affirm
the judgment of the trial court.  Hughes has, in her brief, moved for appellate
sanctions.  That motion is overruled.

 

                                                                                                Sam Griffith

                                                                                                       
Justice

 

 

 

 

Opinion delivered July 30, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH)